HIGGINS, Justice.
 

 This is an action in which the relatrix seeks a writ of mandamus to compel the Orleans Parish School Board to reinstate her as a regular and permanent teacher effective September, 1936, and a judgment against the School Board for back salary at the rate of $165 per month beginning September, 1936.
 

 The respondent filed an exception of no right or cause of action, which was maintained by the lower court, and the relatrix has appealed.
 

 Petitioner alleges that she graduated from the New Orleans Normal School in 1929 and received a professional elementary certificate from the State Department of Education on September 10, 1929; that she was appointed a teacher in the public schools of New Orleans and served from October, 1929, to June, 1936, thereby becoming a permanent member of the Public School Teaching System by virtue of the provisions of Act No. 164 of 1934 and Act No, 79 of 1936; that on June 8, 1936, she married and, according to the rules and regulations of the Orleans Parish School Board, her marriage automatically constituted her resignation as a teacher; that, before entering into the bonds of matrimony, she called upon the secretary of the defendant School Board and informed him of her approaching marriage and was told by him that under the rules of the School Board, if she married, she would be compelled to resign; that she yielded to the compulsion of this order and handed in her resignation on June 8, 1936, in ignorance, at the time, that the School Board’s rule barring female teachers who married had been stricken with nullity by Act No. 164 of 1934; that on June 22, 1936, she received from the superintendent of the School Board a written acknowledgment and acceptance of her resignation; that during the following month she again called on the secretary of the board and informed him that she rescinded her resig
 
 *505
 
 nation and desired to be reinstated; that she was then informed that the question of reinstatement was to be decided by the board at its meeting to be held in September, 1936; that she did not receive any definite answer until October, 1936, when she was notified that the School Board would not reinstate her; that on October 14, 1936, she applied to the Attorney General for an opinion as to whether or not she had been illegally removed as a permanent teacher in the public schools and received a written reply from the Assistant Attorney General declining to render an opinion, because the department was not permitted by law to render private rulings nor handle matters of a private nature; that thereafter she consulted an attorney at law and instructed him to prepare her suit for reinstatement, and, although she was not guilty of failing to press her claim, her attorney neglected to file suit; that she employed other counsel, who brought the present action; that during September, October, and November, 1936, she further communicated with the members and officers of the School Board in an effort to secure reinstatement, and on November 9, 1936, again wrote the board presenting her claim for reinstatement; that on November 19, 1936, she received a letter from the secretary of the board, notifying her of the board’s refusal to reinstate her and referring her to a letter from the Attorney General’s office dated October 7, 1936; that the Attorney General, in this letter, advised the School Board that the female teachers who were married after Act No. 164 of 1934 became effective, and left their positions without protest, had lost any rights they had under the provisions of this statute; that a female teacher who formally resigned lost her status under the provisions of this Tenure Law because no one could allege ignorance of the law; and that the teachers who married after the enactment of the 1934 statute (particularly during the summer vacation of 1936), and refused to acquiesce in the School Board’s rule affecting married teachers, and filed formal written protests against its application to them and tendered themselves for service at the beginning of the school term of 1936, had not lost their legal status. She also alleged that her salary was $165 per month, and, having been illegally deprived of her status by the unlawful actions of the School Board, she was entitled to recover her back salary commencing September 1936. This suit was filed October 6, 1937.
 

 From a letter annexed to her petition, it also appears that the board, on June 17, 1936, forwarded her a check for the sum of $236, in full settlement of her claim against the Teacher’s Retirement Fund, in compliance with' the provisions of the Teacher’s Retirement Law, Act No. 116 of 1910, as amended. She does not allege that this check or the funds it represented were ever tendered or returned to the School Board.
 

 Her letter of resignation dated June'8, 1936, reads as follows:
 

 “New Orleans, Louisiana,
 

 “Monday, June 8, 1936.
 

 “Dear Mr. Bauer:—
 

 “As I am to be married this morning at 9 o’clock Mass at St. Augustin’s Catholic
 
 *507
 
 Church, I wish to inform you_of my resignation.
 

 “My teaching experience has been a happy one under your superintendence. I assure you I have enjoyed being part of such a wonderful system as our New Orleans Public Schools.
 

 “Please accept my congratulations for your past achievements and let me extend to you every sincere good wish for your continued success.
 

 “Respectfully,
 

 “[Signed] Evelyn Guyol McMurray.”
 

 The defendant filed exceptions of no right or cause of action on the grounds: That it affirmatively appears from the allegations of the petition that the relatrix resigned her position voluntarily, and, the resignation having been accepted, could not thereafter be legally withdrawn; and that, from the facts alleged in the petition, it also affirmatively appeared that the delay from the date when relatrix was definitely informed by the board that it would not reinstate her to the date of the filing of the instant suit was approximately eleven months and constituted laches, barring her right .to be reinstated and to recover the claimed back salary.
 

 Our learned brother below sustained the exceptions on the ground of laches and dismissed the suit.
 

 Where it affirmatively appears from the allegations of fact in the petition of relatrix that she was guilty of laches, the defendant may raise the issue by an exception of no right or cause of action. Crais v. City of New Orleans et al., 172 La. 931, 136 So. 7.
 

 In the case of State ex rel. McCabe v. Police Board of City of New Orleans, 107 La. 162, 31 So. 662, it was held that, where the relator’s delay and procrastination amounted to laches and was patent on the face of the record, the defendant need not specially plead laches in order to have the court consider the question.
 

 From the allegations of the petition, it appears that the relatrix was definitely informed in October, 1936, • by the School Board that she would not be reinstated, and, in response to her further inquiry and demand, she was again apprised by the School Board on November 19, 1936, that the board was adhering to its ruling. She did not file suit until October 6, 1937. The only 'explanation she gave in her petition for the delay in instituting legal action was that some time between November, 1936, and October, 1937, she placed the matter in the hands of an attorney, who neglected to file suit. This reason, as stated by our learned brother below, cannot excuse her from the consequence of failure to assert her rights with reasonable promptness.
 

 It is argued by counsel for the relatrix that the rule of laches should not be. applied in this case, because the School Board persisted in adhering to its illegal' rule that female married teachers were considered as having resigned as a result of their marriage when this board’s rule was nullified by the provisions of Act No. 164 of 1934 and Act No. 79 of 1936. The board’s position was that teachers employed before Act No. 164 of 1934 became effective were controlled by its rule as it con
 
 *509
 
 stituted part of their contract of employment If there was a difference of opinion between the board and female married teachers as to whether or not its rule was legally effective, the complaining teacher cannot blame the School Board for her resignation when it was voluntarily given without consulting an attorney as to her legal status or rights. Neither the School Board nor the alleged aggrieved teacher can successfully plead ignorance of the law as an excuse. R.C.C. art. 7.
 

 This case was jointly argued and submitted with the case of State ex rel. Mrs. Anna Calamari v. Orleans Parish School Board, 189 La. 488, 179 So. 830, this day decided. The cases are similar, and the reasoning and the authorities therein cited are pertinent here.
 

 For the reasons assigned, the judgment appealed from is affirmed, relatrix'to pay all costs.