LE BLANC, Justice.
 

 Miss Pearl Eberle, relatrix herein, instituted this mandamus proceeding against the Orleans Parish School Board seeking to be restored and reinstated to her position in the public school system of the Parish, from which she allegedly was illegally discharged, with restitution of her salary and tenure rights as of the date of her removal on January 20, 1938; and in the alternative, that she be restored to her position as of March, 1948, with salary from said date.
 

 The defense to the action is that the plaintiff had resigned her position in 1938 and that when she was re-employed, it was as a substitute teacher and not under a permanent appointment. The School Board further defends the action on the ground that plaintiff cannot now prosecute her suit because she has been guilty of laches in waiting over a year before filing it.
 

 By a stipulation of counsel it was agreed that for the purpose of this particular proceeding the status of the plaintiff was to be taken only on the basis of her re-employment from 1943 on.
 

 After hearing, the trial judge rendered judgment in favor of defendant, setting aside the alternative writ of mandamus previously granted and rejecting her demands at her costs. The relatrix has appealed. The district judge assigned no written reasons for judgment.
 

 Appellant was first engaged by the Orleans Parish School Board, as a full time teacher, in September, 1912, and specialized in the teaching of mathematics from said date until January, 1938. In 1938 she resigned because of some differences which arose between her and the principal of the school where she was teaching. Her resignation was accepted by the School Board. In 1943, she was re-employed as a substitute teacher in which position she served for approximately five years. On Septem
 
 *248
 
 ber 14, 1945, Miss Eberle was offered an appointment as a regular teacher at Mc-Donough No. 15, Departmental. The notification of this appointment, copy of which is in the record, calls for an acceptance by the appointee, which offer and acceptance as is therein stipulated, shall constitute a contract of employment. It does not appear that Miss Eberle ever signed the acceptance or returned the offer of appointment. She did report to McDonough No. 15 on Monday, September 17, 1945 but on learning that she would be required to teach Science, a subject she felt she was not qualified to teach, she, after teaching the first day, appeared before the school board and asked that they defer her appointment until some future time when they would have a vacancy in the high school department for a mathematic’s teacher. Her appointment was therefore deferred at her request.
 

 The burden was on appellant to prove she had a written contract of employment and failure to sustain this burden defeated her cause of action. See Bankston v. Tangipahoa Parish School Board, La.App., 190 So. 177, and cases cited therein.
 

 Miss Eberle continued to serve as a substitute teacher until 1948 when she was removed from the substitute list, at the request of one of the board members. She complains that this removal was unjustified and that she was discharged without a hearing in violation of her rights under the Teacher’s Tenure Act, Act 100 of 1922, as amended, LSA-R.S. 17:411-463.
 

 Under the Teacher’s Tenure Act, permanent teachers are protected from dismissal without a full» hearing before the School Board, but no mention is made of substitute teachers. However, appellant is not seeking to have a writ of mandamus issued to compel the school board to grant her a hearing but is insisting upon her right to reinstatement. Under the decision of Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739 and cases cited therein, neither mandamus nor summary proceedings are authorized under Act 250 of 1944, which act amended Act No. 100 of 1922, all of which acts are now incorporated in LSA-R.S. 17:411 et seq.
 

 Furthermore, when Miss Eberle refused to accept the appointment offered her and asked that her appointment be deferred, it remained in the discretion of the school board, whether or not it would reappoint her whenever a vacancy occurred. Under the jurisprudence it is clear that mandamus will not lie to compel the performance of discretionary duties. See Houeye v. St. Helena Parish School Board, supra.
 

 Moreover, even were we to concede, for the sake of argument, that mandamus was a proper remedy, appellant’s cause still must fail on the ground that she was ' guilty of laches in waiting a year less three days (taking her own testimony as to when
 
 *250
 
 she was last employed as correct) after her dismissal before bringing this suit. See Williams v. Livingston Parish School Board, La.App., 191 So. 143; State ex rel. Calamari v. Orleans Parish School Board, 189 La. 488, 179 So. 830.
 

 The judgment appealed from is hereby affirmed at the appellant’s costs.