79 So.2d 312

**STATE of Louisiana ex rel. Richard FIELDS, Husband of Sallie Fields,**

**v.**

**RAPIDES PARISH SCHOOL BOARD et al.**

No. 41757.

March 21, 1955.

Ben F. Thompson, A. M. D'Angelo, Dewitt T. Methvin, Jr., Alexandria, for appellant.

Louis Berry, Alexandria, Vanue B. Lacour, Baton Rouge, for plaintiff-appellee.

McCALEB, Justice.

This is a mandamus proceeding having for its purpose the reinstatement of a school teacher and recovery of her back salary. The case was originally brought on January 20, 1951, on the relation of Sallie Holmes Fields, who alleges that she is and has been a permanent teacher in the public schools of Rapides Parish, having been employed by the defendant Board continuously at the South Alexandria Elementary School for Negroes from 1925

until the school term beginning in September of 1946; that, at that time, she was ill in California, where she had gone during the vacation period; that she notified the Superintendent of Public Schools of her disability and requested in writing a one-year leave of absence; that the Superintendent did not reply to her request and, due to her illness, she was unable to perform her duties during the school term of 1946–1947; that, upon her recovery in July of 1947, she notified the Superintendent of her ability to resume her duties at the opening of school in September of 1947 and asked that she be reinstated in her former position; that the Superintendent thereupon advised her that her previous request for leave of absence had not been granted and that the Board considered that she had abandoned her position; that, having attained the status of permanent teacher within the meaning of the Teachers' Tenure Act, LSA–R.S. 17:441–444, the defendant Board was without right or authority to remove her from office except upon the filing of written charges against her and after a hearing, and that she is therefore entitled to be reinstated and to recover the salary that she lost by reason of the unlawful action of the defendant.

On the showing made by relator, an alternative writ of mandamus issued for the defendant Board to show cause why her demands should not be granted. On the return day of the writ, relator appeared with her husband, Richard Fields, and filed a supplemental and amended petition in which it was alleged that the right of action asserted in the original petition properly belonged to the community of acquets and gains existing between the spouses and, hence, the suit should have been brought by the husband as head and master of the community. Accordingly, Sallie Holmes Fields was permitted to withdraw from the case and her husband, Richard Fields, was substituted as relator in her place and stead.

With these changes in the pleadings, which were followed by a supplemental petition of Richard Fields as relator, wherein he adopted and re-averred all of the allegations contained in the original petition, the case was fixed for summary hearing before the trial judge.

On the appointed day, the defendant School Board appeared and resisted the demand, initially interposing exceptions to the jurisdiction ratione materiae, no right or cause of action and laches. And in its answer, which was filed simultaneously with the exceptions, the Board maintained that there was no legal necessity for it to have given Sallie Holmes Fields a hearing as she had abandoned her employment as a teacher in the schools of the parish.

After a trial on the issues thus formed by the pleadings, the judge overruled all of the exceptions and entered judgment on the merits, ordering that relator's wife be reinstated to her former position and the Board

pay relator $14,688.29 for her back salary.[1] Wherefore this appeal.

The exceptions to the jurisdiction ratione materiae [2] and the exception of no cause of action, which are re-urged by the School Board in this court, are based on the theory that relator is not entitled to proceed summarily, as suit for reinstatement under the teacher's tenure law is an ordinary proceeding which must be initiated by petition and citation. The cases of Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739 and State ex rel. Eberle v. Orleans Parish School Board, 221 La. 243, 59 So.2d 177, are said to be complete authority for the Board's position.

We think that counsel for the Board are mistaken in their interpretation of the cited authorities. In the Houeye case, the record shows that written charges had been filed against the teacher and that he had been discharged by the School Board only after a hearing had in conformity with LSA–R.S. 17:443, which grants to the discharged teacher a period of one year from the adverse finding of the Board to petition the court for a review of its action. Hence, as pointed out in the opinion in that matter,

mandamus does not properly lie under those circumstances because the court does not review Board action of a purely ministerial nature but, rather, is called on to determine whether the discretion exercised by it in its disciplinary action is arbitrary or unjustified by the facts.

This proceeding, however, is predicated on an entirely different premise; it is grounded on the alleged failure of the Board to comply with the requirements of LSA–R.S. 17:443, which forbids the removal of any permanent teacher except on written and signed charges and after a hearing. Thus, by the specific terms of Articles 829, 830 and 834 of the Code of Practice,[3] mandamus to enforce the teacher's legal rights is the appropriate remedy under the allegations of the petition, which must be taken as true for the purpose of determining the exceptions. Sallie Fields' status was fixed by law and the Board was therefore without power, in view of the plain statutory provisions, to discharge her without a hearing. Its obligation to her in this respect was purely ministerial and it is well settled in civil service cases that com-

1. E. S. Aiken, Superintendent of Public Schools for Rapides Parish, who had been joined as a defendant with the School Board, was dismissed from the proceeding by this judgment.

2. Since this exception is leveled against relator's right to proceed summarily, it is a misnomer to label it as a plea to the jurisdiction. Obviously, the court has jurisdiction of the case; exceptor is merely complaining of the procedure employed.

3. These articles sanction the issuance of mandamus directing an individual or corporation to perform certain legally prescribed duties, and, in the case of public officers, "to compel them to fulfill any of the duties attached to their office, or which may be legally required of them".

pliance with such duty may be coerced by mandamus.[4]

Eberle v. Orleans Parish School Board is inapplicable here as the relator in that case was admittedly a substitute teacher and was not entitled to the protection accorded permanent teachers by the Teachers' Tenure Act.

We therefore hold that the judge was correct in overruling the exception of no cause of action.

■ The exception of no right of action challenges relator's right to compel the School Board to reinstate his wife and to pay him her back salary. It is said that the right of a permanent teacher to the protection afforded by the provisions of the Teacher's Tenure Act is a personal one which cannot be asserted by anyone else in his or her behalf, not even on the hypothesis that it belongs to the conjugal partnership where the teacher is a married woman.

We think that this exception is well founded. However, in fairness to relator's counsel and the trial judge, we observe that it is evident that Fields was substituted as relator in the case in place of his wife, in order to comply with the ruling of the Court of Appeal for the First Circuit in Riche v. Ascension Parish School Board, La.App., 200 So. 681, by which the judge was unquestionably bound. In that case, it was held that a demand by a teacher who was a married woman, for unpaid salary alone must be brought by her husband, as her salary forms part of the community of acquets and gains which is recoverable only by the husband as head and master.

But we do not regard the Riche decision, which is founded on our adjudications in Houghton v. Hall, 177 La. 237, 148 So. 37 and Succession of Howell, 177 La. 276, 148 So. 48 to be sound, as it fails to take into account that the Teachers' Tenure Act is a special law and that, therefore, the rights vouchsafed thereunder are strictly personal and cannot be governed by the general laws. The provision pertinent to the instant case is LSA–R.S. 17:443, which forbids the removal from office of a permanent teacher except upon written and signed charges and after a trial. It is alleged that Sallie Holmes Fields was unlawfully removed from office and that, therefore, she should be reinstated in summary proceedings. Manifestly, the right of tenure and to reinstatement, in event of unlawful discharge, is purely personal to the teacher, State ex rel. Kennington v. Red River Parish School

4. State ex rel. Sonnenberg v. Board of Com'rs, 149 La. 1095, 90 So. 417; State ex rel. Hughes v. Board of Com'rs, 150 La. 1, 90 So. 419; State ex rel. Exnicios v. Board of Com'rs, 153 La. 705, 96 So. 539; State ex rel. Caire v. Board of Com'rs, 174 La. 516, 141 So. 46; State ex rel. Pepper v. Sewerage & Water Board, 177 La. 740, 149 So. 441 and State ex rel. Kennington v. Red River Parish School Board, La.App., 193 So. 225. See also 34 Am.Jur., "Mandamus", Sec. 203, page 974, 975.

Board, La.App., 193 So. 225; it is not a community asset and the general laws of this State pertaining to the conjugal partnership have no bearing whatever on its status or its exercise.

And the same result obtains insofar as the claim for back salary is concerned. This claim is ancillary and a mere incident to the principal demand for reinstatement, which may or may not be granted in a mandamus proceeding according to the equities of the case.[5]

Since such right emanates solely from the status attained by the teacher under a special law, its enforcement must be regarded as personal to the one in whose favor the right has been conferred. And this, irrespective of whether the salary, when paid to the wife, becomes part of the community; the important factor is that the right of recovery is personal despite the general laws relating to the exclusive right of the husband to recover community property.

For the foregoing reasons, the judgment appealed from is annulled and set aside; the exception of no right of action is maintained and relator's suit is dismissed at his costs.

PONDER, J., absent.

5. It is well established in the jurisprudence that mandamus proceedings for reinstatement under civil service laws are equitable causes in which relief is not granted as a matter of right but only in the exercise of a sound judicial discretion and upon equitable principles. United States ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293,

63 L.Ed. 650; Duncan Townsite Co. v. Lane, 245 U.S. 308, 38 S.Ct. 99, 62 L.Ed. 309; Nicholas v. United States, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133; State ex rel. McCabe v. Police Board, 107 La. 162, 31 So. 662; Ziemer v. City of New Orleans, 195 La. 1054, 197 So. 754 and authorities there cited.