HAMITER, Justice.
 

 In this action, instituted against the Rapides Parish School Board, Sallie Holmes Fields seeks reinstatement as a teacher in the Rapides Parish School System and a judgment of $26,239.38, allegedly the amount due her as back salary accruing since the 1947-1948 school term. .
 

 
 *917
 
 The district court sustained the defendant’s plea of laches and dismissed the suit. Plaintiff is' appealing from the judgment.
 

 The record discloses that in 1925 plaintiff commenced teaching in the Rapides Parish School System and that subsequently she achieved the status of a permanent teacher as provided for in LSA-R.S. 17:441 et seq. Because of a tonsilitis attack, which occurred during a visit to California, she failed to report for duty at the commencement of the school term in September, 1946. Correspondence with Rapides Parish School authorities relative to her illness followed; and in a letter of August 11, 1947 the superintendent informed her that she was never granted a leave of absence, that her failure to show up for work constituted “desertion of your job”, that another teacher had replaced her, and that “you have no claim to a position here”.
 

 On February 25, 1948, after amicable demands were unavailing, she instituted a suit to compel reinstatement and to recover back salary. Approximately one and one-half months later a similar action was filed. Both suits were dismissed on dilatory exceptions in May of 1948, and from the judgments no appeals were prosecuted.
 

 Further judicial proceedings were not commenced by plaintiff until January, 1951 (approximately two years and eight months later), although in the meantime she, on several occasions, sought in vain an amicable adjustment of her claim. The third suit, seeking reinstatement and restitution, was brought in her name; however, by a supplemental petition, her husband (Richard Fields) was substituted as party plaintiff in her place and stead. Therein the defendant filed exceptions of no right and no cause of action, a plea of laches, and an answer! The mentioned exceptions and plea were overruled, and after a trial of the merits judgment was rendered in favor of Richard' Fields. It decreed reinstatement of his wife and payment of all back salary due her at that time. On an appeal to this court we held (on March 21, 1955) that the exception of no right of action was well founded (it questioned the interest of the husband in bringing the action) and ordered a dismissal of the suit. See State ex rel. Richard Fields v. Rapides Parish School Board, 227 La. 290, 79 So.2d 312.
 

 As heretofore shown the instant action, instituted August 15, 1955, was dismissed by the district court on defendant’s plea of laches. The plea, similar to one urged in the referred to third suit but not passed on by us since we concluded that the exception of no right of action was meritorious, is grounded on the contention that plaintiff permitted an unreasonable period of time (two years and eight months) to elapse between the dismissal of her first two suits and the filing of her third action.
 

 The doctrine of laches with respect to a public employee, invoked by this defendant, is well stated in Williams v. Liv
 
 *919
 
 ingston Parish School Board, La.App.First Circuit, 191 So. 143, 144, as follows: “Sound public policy requires that an employee of a public body who claims to have been illegally discharged should press his claim for reinstatement with diligence and without unnecessary delay. The rule that laches on the part of such public employee will bar his claim for reinstatement is not based on any law of prescription or limitation of actions, but it arises from reasons of public policy. The processes of government must go on and employees and officials must be paid out of public revenue for carrying on the functions of government. Where a discharged employee sits idly by for an unreasonable length of time without pressing his claim for reinstatement, those charged with the duty of securing the necessary working personnel cannot hold up the administrative functions of government awaiting a decision on the part of the discharged employee as to what course he will take. The prevention of duplication of positions and the payment of double salaries requires such discharged employee, not only to press his demands, but also to submit his claim to the courts for adjudication without unnecessary delay.”
 

 The holding of the trial court in this cause that plaintiff’s claim is barred by laches is in keeping with the above pronouncement and is amply supported by the well settled jurisprudence of this state. Incidentally, the delay in each of the previously decided cases was much shorter than that involved in the instant controversy. See State ex rel. Calamari v. Orleans Parish School Board, 189 La. 488, 179 So. 830 (delay of one year, less four days); State ex rel. McMurray v. Orleans Parish School Board, 189 La. 502, 179 So. 834 (delay of about one year); Fontenot v. Evangeline Parish School Board, La.App., 185 So. 104 (delay of about two years) ; Williams v. Livingston Parish School Board, supra (delay of eleven months); State ex rel. Eberle v. Orleans Parish School Board, 221 La. 243, 59 So.2d 177 (delay of one year, less three days).
 

 But plaintiff insists that the cited decisions are not controlling here. She takes the position that they (except the last one which she attempts to distinguish as hereafter shown) were rendered prior to the adoption of Act 250 of 1944, LSA-R.S. 17:441 to 17:444; and that such statute abolished the doctrine of laches as an equitable defense in claims arising under the Teacher Tenure Law, substituting therefor a prescriptive period which begins to run only after the school board’s holding of a legal hearing in accordance with certain required regulations — a hearing that has not been accorded this plaintiff. That part of the statute thus relied on, LSA-R.S. 17:443, recites: “If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of wilful neglect of duty, or of in
 
 *921
 
 competency, of dishonesty, and ordered removed from office, or disciplined by the board, the teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.”
 

 We find nothing in the quoted statute indicating an intention of the Legislature to abolish the equitable doctrine of laches as has been applied in our jurisprudence to claims arising under the Teacher Tenure Law and the pressing of which through judicial action has been unreasonably delayed. Its purpose, as the terms thereof clearly reveal, was and is only to provide a prescriptive period for obtaining a court review when a “permanent teacher is found guilty by a school board, after due and legal hearing * * No reference is made therein to the judicial enforcement of stale demands.
 

 Of course, the doctrine of laches would-not be applicable here if the discussed unreasonable delay had been occasioned by the school board’s leading plaintiff to believe that she would be reinstated, thereby lulling her into a false sense of security. However, that situation is not revealed by the record. On the contrary it discloses that she well knew of her complete and final discharge, this being evidenced by her having filed two suits in the early part of 1948; and that during the period of two years and eight months which intervened between the dismissal of those suits and the institution of her third action she received no employment encouragement whatever from the school board authorities.
 

 Plaintiff has urged that our decision in State ex rel. Eberle v. Orleans Parish School Board, supra, which applied the doctrine of laches .after the enactment of Act 250 of 1944, is not appropriate here inasmuch as the claimant therein was a mere substitute teacher (not a permanent one as plaintiff) for whom the statute did not require a hearing. In view of our conclusion that such statute did not abolish the doctrine of laches we deem it unnecessary to determine whether the suggested distinction is proper.
 

 In .a supplemental brief, filed subsequent to the writing of the foregoing, counsel for plaintiff maintained that our decision in Young v. Charity Hospital of Louisiana at New Orleans, 226 La. 708, 77 So.2d 13, is decisive of the issue under consideration here. We do not .agree. Therein no plea of laches was involved. Furthermore, the
 
 *923
 
 public employee claimant in that cause sought court redress one month after learning from the Civil Service Commission that she would not be reinstated.
 

 For the reasons assigned the judgment appealed from is affirmed.