247 So.2d 412 (1971)
Leo DEVILLIER et al., Plaintiffs-Appellants,
v.
CITY OF OPELOUSAS, Louisiana, Defendant-Appellee.
No. 3360.
Court of Appeal of Louisiana, Third Circuit.
April 22, 1971.
*414 Garland & DeJean by Harry B. Garland and H. B. DeJean, Opelousas, for plaintiffs-appellants.
Andrus & Pavy by Alex Andrus, Jr. and H. Garland Pavy, Opelousas, for defendant-appellee.
Before HOOD, MILLER and DOMENGEAUX, JJ.
HOOD, Judge.
This is a suit for overtime wages alleged to be due plaintiffs under the provisions of LSA-R.S. 33:1994. The suit was instituted by sixteen employees of the Opelousas City Fire Department, and by Mrs. Louise Perry Guilbeau, the widow of a former employee of that department who died on August 24, 1964. Mrs. Guilbeau sued individually and as tutrix of her minor children. The defendant is the City of Opelousas, Louisiana. Plaintiffs claim overtime wages for the period beginning October 1, 1960, and ending on December 4, 1967, amounting to $265,238.64, plus interest and attorney's fees. Defendant answered denying liability, and pleading the exception of laches and the exception of liberative prescription of one year.
The suit was filed on June 6, 1968. A hearing was held on both of the exceptions filed by defendant, and thereafter judgment was rendered by the trial court sustaining the exception of prescription, dismissing with prejudice the suit of Mrs. Guilbeau, and dismissing with prejudice those portions of the claims of all other plaintiffs which are for overtime wages accruing prior to June 6, 1967. No ruling was made on the exception of laches. Plaintiffs have appealed.
Defendant filed a motion to dismiss the appeal, and we denied that motion. See Devillier v. City of Opelousas, 243 So.2d 118 (La.App. 3 Cir. 1971). Defendant then answered the appeal, demanding that this court consider and rule on the exception of laches, even though the trial court did not rule on it.
The principal issue presented is whether this is a suit by "workmen, laborers and servants for the payment of their wages," which prescribes in one year under LSA-C.C. art. 3534, or whether it is a personal action which prescribes in 10 years under LSA-C.C. art. 3544.
On October 1, 1960, the City of Opelousas was officially classed as having a population of over 13,000. Because of that circumstance, it became subject on that date to the mandatory provisions of LSA-R.S. *415 33:1994, which (as last amended by act No. 132 of 1962)[1] provides:
"A. The maximum hours of work required of firemen covered by this Subpart in cities having a population of thirteen thousand or more and that of all parish and fire protection district paid firemen in any calendar week shall be sixty hours. However, in case of emergencies, they may be required to work in excess of the maximum hours. For each hour so worked in excess of sixty hours in any calendar week a fireman shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his average monthly salary to an hourly scale.
"B. The maximum hours of work required by persons employed or engaged full time by municipalities or municipal fire departments or by parish or parish fire departments or fire protection districts as operators of fire alarm systems in any one calendar week shall be forty-two hours." (Emphasis added).
The plaintiffs in this suit allegedly were compelled by defendant to work a minimum of 84 hours per week from October 1, 1960, until December 4, 1967, except that Mrs. Guilbeau's husband worked that number of hours per week from October 1, 1960, until his death in 1964. On December 4, 1967, defendant readjusted the working schedules of its fire department personnel so as to practically eliminate all overtime work. The amount claimed by each plaintiff is based on the position which he held in the fire department, the hourly rate of pay he received, and the amount of overtime which he worked during the above mentioned period. Plaintiffs contend that defendant has failed to appropriate sufficient funds to comply with the provisions of R.S. 33:1994, and that it has refused to pay them the accrued overtime wages earned by them, despite repeated demands for payment of the amounts due.
LSA-C.C. art. 3534 provides, among other things, that the actions of "workmen, laborers and servants, for the payment of their wages" are prescribed in one year. The trial court held that this article of the Civil Code applies here. Plaintiffs argue that it does not apply to the actions of firemen for statutory overtime pay for several reasons, one of which is that firemen are not "workmen, laborers and servants." They take the position that a fireman is a "non-elective municipal officer," and that his claim for overtime wages is a personal action which is subject only to the ten year prescription provided by LSA-C. C. art. 3544.
Plaintiffs allege in their petition that, with the exception of Mrs. Guilbeau, "petitioners are all regular employees of the Opelousas Fire Department," and that their "wages for such employment are paid out of public funds budgeted by said city from its general fund." The statutes under which they claim overtime pay in this suit refer to firemen as "persons employed or engaged full time * * * for fire fighting or fire prevention duties and services." The compensation which they receive for the performance of their services is referred to in the statutes as "salaries" or as "pay." And, the statutes repeatedly refer to the "maximum hours of work required of firemen," and the hours "worked" by them. See LSA-R.S. 33:1991-33:1999. We think the pleadings and the statutes make it clear that plaintiffs are "employees" of the City of Opelousas.
Despite the above mentioned statutory provisions and allegations in their petition, plaintiffs argue that they, as firemen, are actually "officers" or "officials" of the municipality, that they cannot be classified as mere "employees," or as "workmen, laborers and servants" of the city, and that their claims thus are not subject to the liberative prescription provided in LSA-C.C. art. 3534.
*416 In Landry v. City of New Iberia, 223 So.2d 922 (La.App. 3 Cir. 1969), we held that firemen, including those who hold the rank of Fire Captain, are not "officials" but instead are "employees" of the city, within the meaning of the Louisiana Workmen's Compensation Act.
Our brothers of the First Circuit Court of Appeal held in Courville v. Globe Indemnity Co., 63 So.2d 446 (La.App. 1 Cir. 1953), that a night watchman for the Town of Basile was not an "officer" of the municipality, within the meaning of the workmen's compensation laws. It based that conclusion, at least to some extent, on the fact that the night watchman was not required to take an oath of office, that no commission was issued to him, that no bond was required, and that neither his duties nor his term of office were prescribed by statute.
Some of the factors which have been used as the basis for holding that a person is a "public officer," rather than a mere "employee" of a political subdivision, are: (1) A portion of the sovereign function of government has been delegated to him; (2) an official oath of office was required and administered; (3) his duties and powers were prescribed by statute rather than by contract; (4) the duration or term of his employment was fixed by statute; and (5) the position carried a high degree of dignity and independence. 62 C.J.S. Municipal Corporations § 599, page 1234; 37 Am.Jur., Municipal Corporations, § 225, Page 856; Glendinning v. Curry, 153 Fla. 398, 14 So.2d 794 (1943); Jefferson County v. Case, 244 Ala. 56, 12 So.2d 343 (1943); State v. Dark, 195 La. 139, 196 So. 47 (1940). The record indicates that none of these factors are present here.
The fact that a high degree of skill, training or experience is required of a fireman does not make all firemen public officers. The circumstance that their employment and tenure is regulated or protected by civil service laws, and the fact that a statute provides maximum hours of work and overtime benefits for them, has nothing to do with the question of whether they should be classified as officers or employees of the City.
We are aware of the fact that in Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (1925), our Supreme Court held that policemen were "officials" and not employees, within the meaning of the Workmen's Compensation Law. That case was legislatively overruled in 1950, however, by an amendment to LSA-R.S. 23:1034. See discussion of the Hall case in Landry v. City of New Iberia, supra.
We are convinced that the plaintiffs in the suit who are firemen, and Mrs. Guilbeau's deceased husband, must be classified as "employees," and not as "officers" or "officials," of the City of Opelousas.
Having concluded that plaintiffs are "employees" rather than "officers," we turn now to the question of whether they should be classified as "laborers, workers and servants," as those terms are used in LSA-C.C. art. 3534.
The words "workmen, laborers and servants" are comprehensive terms which must be interpreted in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words. LSA-C.C. art. 14.
The constitutional and statutory provisions pertaining to the duties and functions of firemen in general, together with the testimony of Fire Chief James Cahanin, indicates to us that firemen should be classified as "workmen." In employment relationships this term is frequently used to denote those who do relatively skilled work, as well as those who perform menial labor. The word "workman" has been held to be synonymous with the term "laborer." 98 C.J.S. Workman, page 835. And, a "laborer" has been defined as including "every person who follows any legitimate employment *417 or discharges the duties of any office." 51 C.J.S. Laborer, page 551.
Persons engaged in work of equal or greater specialty than those of firemen have been held to be laborers, workers or servants, and thus subject to the prescription of one year as provided by Civil Code article 3534. The article has been applied, for instance, to claims for wages by a trained nurse,[2] by a journeyman printer,[3] by a locomotive engineer,[4] and by a truck driver.[5]
Plaintiffs have pointed out, correctly, that laws relating to prescription are stricti juris and cannot be extended by analogy from one subject to another. The characterization of firemen as "workmen," however, is not a matter of analogy. It is one of classification and definition. We also are aware of the fact that all personal actions, except those specifically enumerated in articles 3534-3543 of the Civil Code, are prescribed in 10 years under LS-C.C. art. 3544. Since we have concluded that a fireman is a worker, however, it follows that the claim of a fireman for wages is specifically enumerated in article 3534 of the Civil Code.
Our conclusion is that a fireman employed by a city is a "worker," as that term is used in LSA-C.C. art. 3534, and that his claim for wages thus is subject to the prescription of one year as provided in that article.
Plaintiffs argue further that their claim for overtime compensation is not a claim for the "payment of wages," as provided in LSA-C.C. art. 3534, and that the one year prescription provided in that article thus is not applicable here. We find no merit to that argument. The law is settled that a claim for overtime compensation is a claim for payment of wages, as that term is used in the cited article of the Civil Code. Johnson v. Anderson-Dunham Concrete Co., 212 La. 276, 31 So.2d 797 (1947); Shannon v. Bob Bros. Const. Co., 8 So.2d 542 (La.App.Orl. Cir. 1942); Loggins v. Steel Construction Co., 129 F.2d 118 (5th Cir. 1942). See also State ex rel. Walters v. Board of Trustees, 229 So.2d 353 (La.App. 1st Cir. 1969).
We reject plaintiffs' argument that the tolling of prescription was interrupted by defendant's tacit or implied acknowledgment of the validity of plaintiffs' claims for overtime wages during the period beginning October 1, 1960, and ending December 4, 1967. The testimony of the past and present members of the governing authority of the City of Opelousas indicates that they were aware of the provisions of LSA-R.S. 33-1994, and of the fact that the overtime wages required by that section of the Revised Statutes had not been paid during that period. The evidence preponderates, however, to the effect that plaintiffs made no direct demand for the accumulated overtime compensation allegedly due them until their attorneys sent formal demand letters to defendant on March 26, 1968, and on April 26, 1968. The fire department annual budget submitted to the city by Fire Chiefs Littell and Cahanin, both of whom are plaintiffs herein, for each fiscal year from 1962 to 1967, show that plaintiffs had requested only the hiring of additional personnel to relieve their overtime working condition. Those letters cannot be construed as a formal demand for the payment of accrued overtime pay.
The prescription provided by article 3534 applies even though there has been a regular continuance of labor or other services. LSA-C.C. art. 3535. The defendant's failure to appropriate sufficient funds to comply with the requirements of LSA-R.S. 33:1994 does not constitute an acknowledgment of the indebtedness sufficient *418 to interrupt the running of the prescription provided by Civil Code article 3534.
We find that the firemen employed by the City of Opelousas are municipal employees within the meaning of LSA-R.S. 33:1994, and that they are "workmen" within the meaning of LSA-C.C. art. 3534. The claims or demands of plaintiffs in this suit, therefore, are prescribed by one year under the provisions of the last cited article of the Civil Code.
Three of the plaintiffs served for at least a part of the above mentioned period of time as "assistant fire chiefs" or as "fire chief" of the Opelousas City Fire Department. It is argued, alternatively, that these three plaintiffs should be classified as "officers" of the municipality, and that their claims thus are subject to the ten year prescription provided by Civil Code article 3544, even though firemen of lesser rank, up to the grade of Captain, are classified as employees.
We find nothing in the statute which would justify a holding that a "fire chief" or "assistant fire chief" is entitled to be classified as an officer, while firemen of lesser rank cannot be so classified. All firemen, including the assistant fire chiefs and the fire chief, are employed in the same manner. There is no showing that any of them are required to take an oath of office. No sovereign powers are delegated to them, and the terms of their employment have not been set by statute. They receive salaries or wages as compensation for their services, and they are entitled to overtime pay when they are required to "work" in excess of the maximum number of hours stipulated in LSA-R.S. 33:1994. We do not believe that the firemen employed by the City of Opelousas, who have achieved the rank of "assistant fire chief" or "fire chief," are entitled to be classified differently from other firemen, and that they, as well as the firemen of lower rank, are subject to the prescription of one year as provided in LSA-C.C. art. 3534.
As we have already noted, defendant filed an exception of laches which was not ruled on by the trial court. Defendant again raises the question of laches by its answer to this appeal and in the oral argument and written briefs which were submitted in connection with this appeal. It contends that under the doctrine of laches, plaintiffs are not entitled to recover any overtime pay prior to the time this suit was instituted.
Plaintiffs contend that we should not rule on the exception of laches since no ruling on that issue was made by the trial court. They argue that the case should be remanded to the trial court for a ruling on that exception before the exception should be considered on appeal.
Ordinarily, issues not passed on by the trial court are not reviewable by the appellate court. Nevertheless, the appellate court in discharging its duty to render a judgment which is just, legal and proper upon the record, has authority to consider any legal point or theory presented in the case, when the record contains all the evidence necessary to determine the question, even though no ruling was made on that issue by the trial court. LSA-C.C.P. art. 2164, and comment (a) under that article; Blanchard v. Ogima, 200 So.2d 374 (La. App. 4 Cir. 1967); Norman v. City of Shreveport, 141 So.2d 903 (La.App. 2 Cir. 1962); Ohanna v. Ohanna, 129 So.2d 249 (La.App. 4 Cir. 1961); Williams v. American Employers' Insurance Co., 10 So.2d 516 (La.App. 1 Cir. 1942).
The issues raised by the plea of laches were tried in and were submitted to the trial court for decision. All of the evidence necessary for a determination of the issues raised by that plea is in the record. The trial judge, obviously being of the opinion that it was unnecessary to dispose of that plea in view of his ruling on the *419 exception of prescription, did not consider or determine the question of laches. In this court, however, defendant urges that the doctrine of laches should be applied to bar plaintiffs from claiming any overtime wages which accrued before this suit was filed. Under the circumstances presented here, we think the ends of justice would be served best by considering and deciding the issues raised by the plea of laches.
An unreasonable delay on the part of aggrieved public employees in asserting monetary claims against a public body may relieve that body of liability under the doctrine of laches. This equitable principle is not based on any law of prescription or limitation of actions. Instead, it is based upon the sound public policy of requiring reasonably prompt assertion of this type claim in order that the public revenues normally channeled in the claimant's direction might not be irretrievably diverted to another public purpose, equally lawful and desirable, thereby upsetting the orderly fiscal processes of government. Ziemer v. City of New Orleans, 195 La. 1054, 197 So. 754 (1940); Penny v. Bowden, 199 So.2d 345 (La.App. 3 Cir. 1967); Arrington v. Grant Parish School Board, 130 So.2d 443 (La.App. 3 Cir. 1961); Fields v. Rapides Parish School Board, 231 La. 914, 93 So.2d 214 (1957); Williams v. Livingston Parish School Board, 191 So. 143 (La.App. 1 Cir. 1939); Crais v. City of New Orleans, 172 La. 931, 136 So. 7 (1931).
The above cited cases and the authorities therein discussed, the claims of public employees, including firemen, for back salary or for reinstatement of their jobs following allegedly illegal discharges, were held to be barred by laches where such claimants had delayed to press their claims by suit.
Ziemer v. City of New Orleans, supra, for instance, involved a suit filed in 1939 by municipal firemen for back pay increases for the years 1930-1939. The city had been collecting a special tax, the proceeds of which were to be used to increase the services of the fire department and the pay of its members. The city, however, merged the tax proceeds into its general fund and instead of increasing the pay of firemen it reduced their salaries. Although all of the firemen signed the payroll under protest in 1930 and in 1935, the Supreme Court held that their claims for the entire period (1930-1939) were barred by laches.
In Penny v. Bowden, supra, a mandamus action was filed in 1965 by retired city policemen to compel the City of Alexandria to appropriate and to pay into a police retirement fund statutorily dedicated revenues totaling $133,308.41, which sum had accumulated over an eight year period (1959-66). We held that laches relieved the city of liability for the pension fund deficits occurring in the years prior to 1965, but that the city was required to appropriate and pay into the fund deficits incurred in 1965 and in 1966.
In Crais v. City of New Orleans, supra, the plaintiff sued to be restored to his former position as a pipeman in the fire department, and to recover back wages which allegedly became due after he was wrongfully discharged. Our Supreme Court rejected his demands, holding that his right to the relief sought was defeated by laches, since he had delayed 18 months before filing suit.
We have concluded in the instant suit that plaintiffs are barred by prescription of one year from asserting any claims for overtime pay which accrued prior to June 6, 1967. We think there has been no unreasonable delay on their part in attempting to assert their claims for the overtime wages which may have accrued after June 6, 1967 and, we see no danger of upsetting the orderly fiscal processes of the city government by allowing plaintiffs to recover the overtime wages which may have accrued since that time. In our opinion, however, plaintiffs should be barred by laches, as well as by prescription of one *420 year, from recovering any overtime wages which may have accrued before the last mentioned date. The exception or plea of laches filed by defendant will be sustained, therefore, insofar as it relates to any overtime wages which may have accrued prior to June 6, 1967.
For the reasons herein set out, the judgment appealed from is affirmed. Judgment also is rendered sustaining the plea or exception of laches filed by defendant insofar as it relates to claims by plaintiffs for any overtime wages which may have accrued prior to June 6, 1967. The case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed and remanded.
NOTES
[1] The 1962 amendment added parish and fire protection district paid firemen, with which we are not concerned in the instant suit.
[2] Drs. Toler and Toler v. Munson, 163 So. 189 (La.App. 1 Cir. 1935).
[3] Tietjen v. Penniman, 1 La. 267 (1830).
[4] Gould v. L. S. Railway Co., 203 F.2d 238 (5 Cir. 1953).
[5] Armstrong v. Baldwin, 181 So. 72 (La. App. 2 Cir. 1938).