307 So.2d 676 (1975)
Loyd W. ALBRITTON, Jr., Plaintiff-Appellant,
v.
UNION PARISH SCHOOL BOARD, Defendant-Appellee.
No. 12497.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1975.
Rehearing Denied February 25, 1975.
Writ Refused April 18, 1975.
*677 Kidd & Katz by Stephen J. Katz, Monroe, for plaintiff-appellant.
J. T. Spencer, Asst. Dist. Atty., Farmerville, for defendant-appellee.
Before AYRES, PRICE and HALL, JJ.
Rehearing En Banc ,Denied, February 25, 1975.
HALL, Judge.
Plaintiff, Loyd W. Albritton, Jr., filed suit February 27, 1974, against the Union Parish School Board seeking reinstatement as a supervisor in the Union Parish school system and back salary from June 30, 1956 until the date of reinstatement. The essential allegations of plaintiff's petition are:
(1) he is a duly certified permanent teacher holding a Louisiana teaching certificate;
(2) he was employed by the School Board as a supervisor from September 13, 1947 through June 30, 1956, at which time his employment was terminated; (3) he had acquired the status of a tenured teacher under the applicable statutes but despite such fact was never given a hearing prior to his dismissal; (4) his dismissal was predicated upon the fact that the position he held was abolished; (5) he was not offered a position of equal standing by the defendant School Board; (6) the position formerly occupied by him or a similar position has been reestablished by defendant; and (7) he has applied for a position of employment every year except one since his original dismissal but defendant has refused to employ him and to make its reasons for refusal known to him.
In response to plaintiff's petition the defendant School Board filed peremptory exceptions pleading (1) laches in not timely filing the action; (2) prescription of one, three, five and ten years; and (3) no cause or right of action because plaintiff was not employed in a regular position in the school system maintained by recurring state or local revenues and did not acquire tenure.
After a hearing on the exceptions at which evidence was introduced, judgment was rendered by the district court sustaining the "plea of laches" and "exception of no cause of action" and dismissing plaintiff's suit. Plaintiff appealed.
Although the judgment as written sustains the exception of "no cause of action" the minutes of the court show the district court sustained the exception of "no right of action" and both parties in their appellate briefs treat the judgment as sustaining the exception of no right of action. Both appellate briefs indicate that the reason for sustaining the exception of no right of action was a finding by the district court that plaintiff did not acquire tenure status under the applicable statutes, such finding apparently being based on evidence introduced at the hearing on the exceptions consisting of oral testimony which *678 was not transcribed and is not in the appellate record and some documentary evidence which is in the record. We pretermit a consideration of the correctness of the sustaining of the exception of no right of action because of our holding, as hereinafter discussed, that the plea of laches is well-founded and the suit was properly dismissed on that basis.
The petition alleges plaintiff was terminated on June 30, 1956, when the position he held was abolished and that he has applied for reemployment each year, except one, thereafter but has been refused reemployment. This suit was filed February 27, 1974, more than seventeen years after plaintiff's termination by the School Board.
The decision of the Louisiana Supreme Court in Fields v. Rapides Parish School Board, 231 La. 914, 93 So.2d 214 (1957) is directly in point and is dispositive of all of the arguments made by appellant in connection with the application of the doctrine of laches. In Fields the court held:
"The doctrine of laches with respect to a public employee, invoked by this defendant, is well stated in Williams v. Livingston Parish School Board, La. App.First Circuit, 191 So. 143, 144, as follows: `Sound public policy requires that an employee of a public body who claims to have been illegally discharged should press his claim for reinstatement with diligence and without unnecessary delay. The rule that laches on the part of such public employee will bar his claim for reinstatement is not based on any law of prescription or limitation of actions, but it arises from reasons of public policy. The processes of government must go on and employees and officials must be paid out of public revenue for carrying on the functions of government. Where a discharged employee sits idly by for an unreasonable length of time without pressing his claim for reinstatement, those charged with the duty of securing the necessary working personnel cannot hold up the administrative functions of government awaiting a decision on the part of the discharged employee as to what course he will take. The prevention of duplication of positions and the payment of double salaries requires such discharged employee, not only to press his demands, but also to submit his claim to the courts for adjudication without unnecessary delay.'
"The holding of the trial court in this cause that plaintiff's claim is barred by laches is in keeping with the above pronouncement and is amply supported by the well settled jurisprudence of this state. Incidentally, the delay in each of the previously decided cases was much shorter than that involved in the instant controversy. See State ex rel. Calamari v. Orleans Parish School Board, 189 La. 488, 179 So. 830 (delay of one year, less four days); State ex rel. McMurray v. Orleans Parish School Board, 189 La. 502, 179 So. 834 (delay of about one year); Fontenot v. Evangeline Parish School Board, La.App., 185 So. 104 (delay of about two years); Williams v. Livingston Parish School Board, supra (delay of eleven months); State ex rel. Eberle v. Orleans Parish School Board, 221 La. 243, 59 So.2d 177 (delay of one year, less three days).
"But plaintiff insists that the cited decisions are not controlling here. She takes the position that they (except the last one which she attempts to distinguish as hereafter shown) were rendered prior to the adoption of Act 250 of 1944, LSA-R.S. 17:441 to 17-444; and that such statute abolished the doctrine of laches as an equitable defense in claims arising under the Teacher Tenure Law, substituting therefor a prescriptive period which begins to run only after the school board's holding of a legal hearing in accordance with certain required regulationsa hearing that has not been accorded this plaintiff. That part of the statute thus relied on, LSA-R.S. 17:443, recites: `If a permanent teacher is found *679 guilty by a school board, after due and legal hearing as provided herein, on charges of wilful neglect of duty, or of incompetency, of dishonesty, and ordered removed from office, or disciplined by the board, the teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.'
"We find nothing in the quoted statute indicating an intention of the Legislature to abolish the equitable doctrine of laches as has been applied in our jurisprudence to claims arising under the Teacher Tenure Law and the pressing of which through judicial action has been unreasonably delayed. Its purpose, as the terms thereof clearly reveal, was and is only to provide a prescriptive period for obtaining a court review when a `permanent teacher is found guilty by a school board, after due and legal hearing * * *.' No reference is made therein to the judicial enforcement of stale demands."
Munson v. Martin, 249 La. 925, 192 So. 2d 126 (1966) cited by appellant is not applicable. Munson was a suit on a quasi contract involving a specific prescriptive period of ten years and, additionally, the parties to that suit had continued to negotiate during the time prior to suit being filed.
We take note of the very recent decision of the Louisiana Supreme Court in Bradford v. City of Shreveport, 305 So. 2d 487 (La.1974) rejecting a plea of estoppel by laches in a suit by policemen for back overtime pay. There, the court held that in order to invoke the doctrine of estoppel by laches, defendant must prove (1) unreasonable delay in presenting the claims; and (2) substantial prejudice or upset to the public body.
Here, the allegations of plaintiff's petition show an unreasonable delay in presenting the claim and substantial prejudice or upset to the public body.
Plaintiff delayed bringing his action for more than seventeen years. The disadvantage to the defendant School Board, both administrative and financial, which would result from granting the plaintiff the relief he seeks at this point in time is obvious for the reasons well expressed in the Fields case.
For the reasons assigned, the judgment dismissing plaintiff's suit is affirmed at appellant's costs.
Affirmed.