SAUNDERS, Judge.
lilt is well settled that summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B).
In the matter before us there are still an unresolved issue of material fact. There is no evidence in the record as to the willfulness of the nonpayment of royalties. Testimony from Bruce Kirkpatrick, Stream’s CFO, does not settle the issue as to La Mesa’s intentions. Further, the language “willfully or persistently late or improper payment” indicates that there must, in fact, be a payment. The majority notes with approval the trial court’s statement that “certainly nonpayment would fit” into this language. I don’t find this to necessar *361 ily be true. It is an issue that comes down to the intent of the parties to the lease. A literal reading of the lease indicates that a nonpayment is not one of the triggers that would effectuate the resolutory condition. At a minimum, the intent of the parties is a factual determination that is not appropriate for summary judgment.
Even if the requisite conduct necessary to trigger the clause in Paragraph 8(C)(4) existed, it is still unclear that the parties intended for the lease to automatically dissolve. Not only does it seem improbable that Stream would desire such a result, when read as a whole, the lease suggests in paragraphs 6 and 19 that they did not.
Paragraph 6 of the lease states that if the lease terminates for any cause, the Lessee must furnish the Lessor with a recordable release within thirty (30) days. Paragraph 19 states that if Lessee is not complying -with the terms of the lease, Lessor shall notify Lessee in writing and allow fifteen (15) days for Lessee to cure all | ginonetary defaults. Certainly nonpayment of royalties would fall under such noncompliance and therefore should not automatically dissolve the lease.
Furthermore, there remains the issue of reconduction of the lease. When a lease is for a fixed term, as was the lease in question, the lease terminates upon the expiration of that term unless it is reconducted. La.Civ.Code art. 2720. A lease is recon-ducted if, after the expiration of the term, and without notice to vacate or terminate or other opposition by the lessor or the lessee, the lessee remains in possession for one week in the case of a nonagricultural lease with a fixed term that is longer than a week. La.Civ.Code art. 2721. The lessee clearly remained in possession of the leased premises long after it ceased making royalty payments, and it appears that the lease was reconducted.
The hangup on this issue is that the argument for reconduction was not made at the trial court level. However, Louisiana Code of Civil Procedure Article 2164 provides this court with the express authority to render any judgment which is just, legal, and proper:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
The court in Givens v. Richland-Morris Agency, Inc., 369 So.2d 1184, 1185 (La.App. 2 Cir.1979), considered a similar issue and held that “this court has the authority under La. C.C.P. art. 2164 to render any judgment which is just, legal, and proper upon the record on appeal irrespective of whether a particular legal point or theory is made.”
It is also well settled law before this court that when the record is sufficient to | smake a determination, the court has the authority to consider an issue despite whether the issue had been ruled on at the trial court level. Placid Oil v. Taylor, 313 So.2d 626 (La.App. 3 Cir.), writ granted and remanded for rehearing, 318 So.2d 40 (La.), on remand, 325 So.2d 313 (La.App. 3 Cir.1975), writ denied, 329 So.2d 455 (La. 1976), Devillier v. City of Opelousas, 247 So.2d 412 (La.App. 3 Cir.1971), Savoy v. Cecil Perry Imp. Co., 96-889 (La.App. 3 Cir. 2/5/97), 691 So.2d 692.
Ordinarily, issues not passed on by the trial court are not reviewable by the appellate court. Nevertheless, the appellate court in discharging its duty to render a judgment which is just, legal and proper upon the record, has authority to consider any legal point or theory *362 presented in the case, when the record contains all the evidence necessary to determine the question, even though no ruling was made on that issue by the trial court. LSA-C.C.P. Art. 2164, and comment (a) under that article; Blanchard v. Ogima, 200 So.2d 374 (La.App. 4 Cir.1967); Norman v. City of Shreveport, 141 So.2d 903 (La.App. 2 Cir.1962); Ohanna v. Ohanna, 129 So.2d 249 (La.App. 4 Cir.1961); Williams v. American Employers’ Insurance Co., 10 So.2d 516 (La.App. 1 Cir.1942).
Devillier, 247 So.2d at 418.
The majority opinion notes the Uniform Rules, Courts of Appeal, Rule 1-3, Scope of Review, which states that “[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.” I find that this is a case where this caveat would be well applied. There is a great probability that the entire case will turn on the issue of the lease’s reconduction. To ignore the issue when the record provides us with ample information to make a judgment would clearly run contrary to the interests of justice.
Given the questions regarding the intent of the parties, whether the resolutory condition should apply, and the strong case to be made for entertaining the reconduction issue, I feel that this matter would be better resolved at trial and that the Lgrant of summary judgment should be reversed.