The plaintiff, W.O. Meyer, was employed on October 3, 1939, by the Tangipahoa Parish School Board as an instrumental music teacher to teach in the high schools located in the various wards of the said parish, for a term of 8 1/2 months at a salary of $130 per month. On October 1, 1940, he was again employed by the said school board as bandmaster and to teach instrumental music in the parish schools located in the various wards, for a term of eleven months, at a monthly salary of $130. Again, on October 6, 1941, he was employed to teach instrumental music in the said parish schools, for a term of 11 months at $130. It appears that he was assigned, under his contracts, to teach instrumental music at the Kentwood and Spring Creek schools.
On April 4, 1942, prior to the expiration of the school year, and the contract of employment entered into by and between the School Board and the plaintiff, the Superintendent of Education for the said Parish, wrote the following letter:
"Members of the School Board, Parish of Tangipahoa, Amite, Louisiana.
Gentlemen:
In an effort to comply with the provisions of Act 58 of 1936, I herewith recommend and request that Mr. W.O. Meyer, presently employed as a probationary teacher in the Parish of Tangipahoa, be relieved from further service in this Parish because of incompetence as a teacher.
I deem Mr. Meyer incompetent because, from many reliable reports made to me, he is unable to maintain any semblance of discipline in his classes, thus making it more difficult for the teachers conducting other periods of study or class room work *Page 190 
to maintain discipline, all to the detriment of the numerousc students taking work under them.
Because of his inability to maintain a proper discipline among the students, he has, on at least two occasions, resorted to cursing students by calling them 'Bastards', and other such curse words.
I respectfully ask that the School Board consider this recommendation of discharge and act upon it immediately."
On April 6, 1942, the defendant School Board, in regular session, adopted the following resolution:
 "A Resolution
"It was moved by Mr. W.B. Leatherman, seconded by Mr. H.E. Tucker, that in accordance with written recommendation of the Parish Superintendent, that Mr. W.O. Meyer be relieved of his duties as music teacher in the schools of Tangipahoa Parish, effective at once, and that the Superintendent be and he is hereby directed to notify Mr. Meyer of his dismissal."
On April 8, 1942, by registered mail, the Superintendent wrote to plaintiff, as follows:
"Enclosed is a copy of a letter presented by the writer to the Tangipahoa Parish School Board at its regular meeting held in Amite on April 6, 1942, setting forth certain recommendations concerning termination of your employment. I regret very much to have to advise you that the School Board, upon my recommendation, has voted unanimously to relieve you of your duties as music teacher in Tangipahoa Parish, immediately. A copy of the School Board resolution is enclosed.
"I considered it my sacred duty as Parish Superintendent of Schools of this parish to make this recommendation to the Board because of the many disciplinary problems presented in your department at the Kentwood High School, as well as because of your profanity in dealing with certain students at the Spring Creek School. I consider this action necessary for the welfare of the students of the schools you have been serving.
"Since the resolution of the Board provides that you shall be dismissed immediately, this is to advise that Friday, April 10th, 1942, will be your last day of service with the Tangipahoa Parish School Board. Your salary check for the month of April is enclosed."
The plaintiff, in his petition, contends that he had served for a period of three years as a probationary teacher and was thereby a permanent teacher of the defendant; that "he was discharged without a hearing, without assigned reasons, without notice of such reasons and that the action of the defendant board was arbitrary without foundation".
The prayer of his petition is that he be reinstated as a permanent teacher and instructor of music in the Kentwood High School or any other approved high school in the parish at a salary of not less than $130 per month for eleven month term of each year, plus such increases in salary to which he may be entitled and ordering the defendant to pay him the sum of $130, as the balance due on his 1941-42 contract.
In defense to the suit, the school board denies that the plaintiff was a permanent teacher at the time the resolution of April 6, 1942, was adopted dismissing the plaintiff. It averred that the plaintiff was a probationary teacher; that he was discharged in accordance with the provisions of Act 58 of 1936, upon the written recommendation of its Superintendent charging the plaintiff with incompetency.
Upon trial, the lower court rendered judgment in favor of defendant and dismissed plaintiff's suit. Plaintiff has appealed.
Although plaintiff, in his petition, alleged that he was a permanent teacher of the defendant board, in his brief before this court he admits that he was only a probationary teacher and now contends that he was discharged from his duties without notice, trial or hearing, contrary to the provisions of Act 58 of 1936. Therefore, the only question before this court is whether or not defendant school board followed the procedure set forth in the Statute, the pertinent provision of which reads as follows:
"Each teacher shall serve a probationary term of three years, such probationary term to be reckoned from the date of his first appointment in that parish in which the teacher is serving his probation. During said probationary term the parishschool board may dismiss or discharge any Probationary teacherupon the written recommendation, accompanied by the validreasons therefor, of the superintendent of schools of thatparish. (Italics ours.)
"Any teacher found unsatisfactory by the parish school board at the expiration of *Page 191 
the said probationary term, shall be by said board notified in writing that he has been discharged or dismissed," etc.
The evidence in this case clearly shows that the procedure as outlined in the quoted section of Act 58 of 1936 was followed. The plaintiff was discharged by the defendant school board upon the written recommendation, accompanied by valid reasons therefor, of its superintendent, and after due consideration by the school board of such reasons. It appears that the principals of the Kentwood High School and the Spring Creek High School had complained to the Superintendent about the plaintiff in the way the plaintiff would conduct his class and in chastizing his pupils, indulging in curse words such as "little bastard" or "bastards". It further appears that these principals could not work in harmony with the plaintiff. In fact, after plaintiff had cursed two of his pupils at Spring Creek, the principal of that school thought it best for the safety of the plaintiff and welfare of the school that plaintiff remain away from the school. After an investigation of the affair by the superintendent, the superintendent came to the same conclusion. The plaintiff in testimony does not deny that he cursed two of his students at Spring Creek, nor does he deny that he chastized some of his pupils at Kentwood with his baton or reed against the wishes or orders of the principal of that school. He also does not deny that there existed a friction between the principals and himself. These matters were brought before the defendant board at the meeting of April 6, 1942, prior to the adoption of the resolution of dismissal.
There is evidence that plaintiff was a good music teacher and had turned out a good band for the Kentwood High School. Even granting such fact, the fact remains that, as shown by the principals of the schools in which plaintiff taught, he was inefficient in preserving order in his class room.
It is contended by the plaintiff that he should have had a notice of hearing or trial by the school board, based on written charges of the principals of the schools and of the superintendent prior to the adoption of the resolution of his dismissal. We find no merit in this contention in that the quoted provision of the Act does not call for a hearing before the school board, but only requires that the school board shall act only upon the written recommendation, accompanied by valid reasons therefor, of its superintendent, and that the teacher be notified in writing of the action of the board of his discharge or dismissal, which requirements were met in this case.
The judgment appealed from is affirmed.