**64 So.2d 221**

**STATE ex rel. SIBLEY v. ASCENSION PARISH SCHOOL BOARD.**

**No. 40565.**

Feb. 16, 1953.

Rehearing Denied March 23, 1953.

Aubert L. Talbot, Dist. Atty., Napoleonville, and George R. Blum, Asst. Dist. Atty., Donaldsonville, for defendant-appellant.

R. W. Williams, Jr., and J. C. Dabadie, Jr., Baton Rouge, for plaintiff-appellee.

HAWTHORNE, Justice.

The relatrix-appellee, Mrs. Winnie St. Amant Sibley, instituted mandamus proceedings against the Ascension Parish School Board, respondent-appellant, seeking to be reinstated as a teacher and employee of the school board beginning with the school term which commenced in July, 1950, and praying for judgment for the amount of the salary for this position from that date.

After trial on the merits the district court rendered judgment ordering that the relatrix be reinstated as a teacher for the Parish of Ascension as of the beginning of the school term 1950–1951, and also rendered judgment in her favor against the respondent school board for her entire salary for the school term 1950–1951 in the sum of $2,400, and, further, judgment in her favor for her salary for each school month subsequent to the 1950–1951 term until her reinstatement as a teacher was accomplished. From this judgment the respondent, Ascension Parish School Board, has appealed.

There is no serious dispute as to the relevant and material facts of this case. The relatrix was employed by the school board for the school term 1946–1947 and the school term 1947–1948. She obtained a maternity leave and did not teach for the school year 1948–1949. She resumed teaching in July, 1949, the beginning of the 1949–1950 school year, but in October of that year she again obtained a maternity leave of absence. Her name was omitted from the list of proposed teachers for the school year 1950–1951, and she has not been reassigned as a teacher in the Ascension Parish schools.

The basis of relatrix' suit is that she was illegally omitted from the list of teachers for Ascension Parish in the year 1950, and that, since she was never dismissed or discharged in conformity with the Teachers' Tenure Act, LSA–R.S. 17:442, 443, she is entitled to be reinstated as a teacher in the Ascension Parish schools and is entitled to be paid compensation from the time of the illegal omission of her name from the list of teachers. The respondent, Ascension Parish School Board, concedes that relatrix was not discharged in conformity with the Teachers' Tenure Act, and takes the position that she does not come within its provisions.

The Teachers' Tenure Act, LSA–R.S. 17:441, provides that "As used in this Subpart, the word 'teacher' means any employee of any parish or city school board who holds a teacher's certificate and whose legal employment requires such teacher's certificate."

For relatrix to bring herself within the terms of this act and to show that she was

entitled to the benefits of its provisions in 1950, she must establish (1) that she was the holder of a teacher's certificate at the time of the alleged illegal act of the board, and (2) that her legal employment required such teacher's certificate. To accomplish this she has alleged that her position as a teacher in the schools of Ascension Parish was accorded by the respondent to her as a holder of a "T" certificate duly issued by the Louisiana State Department of Education.

The relatrix was the holder of two "T" certificates, one for the school year 1946–1947 and one for the school year 1947–1948, copies of both of which are in the record. They show that they were issued to relatrix, Winnie St. Amant, by the State Department of Education. The first provides that it was "valid for 1946–47 only". The certificate for the school year 1947–1948 is identical in form and provides that it was "valid for 1947–48". She holds no teacher's certificate from the State Department of Education for the year 1948–1949, doubtless because she obtained maternity leave of absence in the first part of this school year. She did not hold at the time she seeks reinstatement, the beginning of the school year 1950–1951, a teacher's certificate of any kind issued by the State Department of Education, and the record discloses that she did not then have the qualifications necessary for the issuance of a teacher's certificate. She did not hold a certificate of any kind at the time she filed the instant suit on January 23, 1951.

In order to understand the purpose and significance of the "T" certificate, it is necessary to examine the law and procedure regulating the certification of teachers in this state.

Article 12, Section 7, of the Constitution of 1921 provides: "It [the State Board of Education] shall prescribe the qualifications, and provide for the certification of the teachers of elementary, secondary, trade, normal and collegiate schools * * *."

The Legislature, pursuant to this constitutional provision, adopted Act No. 100 of 1922 which provided that "The State Board of Education *shall have entire charge of the examination and certification of public school teachers*", and in 1950 adopted LSA-R.S. 17:411 which is in the identical language of the article of the Constitution. (All italics ours.)

Under the authority granted to it, the State Board of Education has prescribed the qualifications necessary for the issuance of a regular teacher's certificate. According to the testimony of the State Supervisor of Teachers' Education and Certification, "A regular teaching certificate is based upon minimum standard qualifications adopted by the State Board of Education governing the licensing of all teachers generally at the particular time the certificate issued. At the present time regular certificates are based upon a minimum of a baccalaureate degree from an accredited four-year college and the teachers must also meet certain specified course require-

ments designated by the State Board. That's a regular certificate."

The State Board of Education adopted on June 28, 1949, a resolution authorizing the issuance of "T" certificates, the pertinent part of which reads as follows:

"That temporary certificates valid for one school session only, authorizing the employment of teachers in positions for which they are not regularly certified, be issued upon the recommendation and application of the employing superintendent supported by the following information:

" 'I hereby certify that there is no legally-qualified person available for this position and that the applicant named above is the best qualified person open for employment in the position herein above described.' "

■■ As previously stated, although relatrix did not possess the qualifications prescribed for a regular certificate since she did not have a bachelor's degree from an accredited four-year college in accordance with the minimum standard requirements of the State Board of Education, she was issued "T" certificates for the school years 1946–1947 and 1947–1948, each of which was valid only for the year designated. In 1950, therefore, when she was omitted by the school board from the list of teachers of Ascension Parish, relatrix did not hold a certificate of any kind from the State Board of Education. This lack of a certificate prevented her from being a "teacher" under the Tenure Act. Only "teachers" are entitled to the benefits of the Ten-

ure Act, and, as pointed out in the beginning of this opinion, for relatrix to bring herself within the meaning of that term as used in the act, she must show (1) that she held a teacher's certificate, and (2) that her legal employment required such a certificate. There is no question that her legal employment required a certificate, and the importance of a certificate is emphasized in LSA–R.S. 17:413, which requires that "* * * Every teacher shall hold a certificate of a grade sufficiently high to meet the requirements of his position. Parish superintendents of schools shall ascertain definitely, before contracting with a teacher, that the teacher holds a certificate issued by the state board of education."

■ Moreover, there is still another reason why relatrix should not prevail in the instant case. LSA–R.S. 17:414 provides that "Before receiving any remuneration for services rendered, every teacher of any school supported wholly or in part with public funds *must have been fully qualified* to teach in the public schools of Louisiana * * *." Under LSA–R.S. 17:413, hereinabove quoted, one qualification is that a teacher must hold a teacher's certificate of a grade sufficiently high to meet the requirements of his position. To order that relatrix be reinstated and paid salary since the beginning of the school term of 1950 would be contrary to the express provisions of LSA–R.S. 17:414, and, in effect, would be ordering the school board to do an act forbidden by express law, as she was not

the holder of a teacher's certificate of any kind in 1950.

■ The relatrix argues that, in spite of its broad authority in regard to certification, the State Board of Education has been without authority to issue a "T" certificate since the passage of Act No. 213 of 1932, LSA–R.S. 17:412, which repealed Section 1(c) of Act No. 158 of 1920. This section of the 1920 act authorized the Board of Education to issue emergency certificates to meet situations where a sufficient number of legally qualified teachers were not available. The repeal of this provision, argues the relatrix, meant that thereafter the State Board of Education could not issue "T" certificates. In view of the broad authority of certification given to the Board after the 1920 act both by the Constitution and by the statutes of this state, we think the board does have authority to issue "T" certificates. If it did not have authority to issue such a certificate, the certificates of relatrix were illegal, and legally she could not have been certified as a teacher at all because she did not possess the qualifications prescribed by the board for a teacher's certificate. This argument therefore places the relatrix in no better position in regard to the Tenure Act.

What she is really urging upon this court by this argument is for us to substitute a different policy of certification from that of the state board and to decide that, when situations require that substandard teachers be employed, they should be given certificates no different from those issued to per-

sons fully qualified. Actually therefore what she seeks is to have this court convert her temporary certificate into a permanent one.

This argument comes with poor grace. Relatrix taught under "T" certificates, each of which on its face was valid for only one school year, and her suit was based on the fact that her position as a teacher was "accorded her as the holder of a 'T' certificate duly issued by the Louisiana State Department of Education".

As we have seen, the Constitution and statutes specifically provide that the State Board of Education *"shall prescribe, the qualifications * * * of the teachers of * * * schools * * *"*. Under this authority the State Board of Education has prescribed certain minimum standard requirements which must be met by those desiring to become teachers in the public school system of Louisiana, and has set these standards with the purpose of securing as teachers persons who, according to wise, modern, and progressive educational policy, are trained, qualified, and suited to instruct the children and young people of this state. To permit relatrix, who did not possess these minimum qualifications, to become a teacher in the Louisiana school system on an equal basis with those who have spent their time, effort, and money in order to conform to the standards set by the State Board of Education would, to say the least, be inequitable and unfair to those who have thus properly qualified as teachers, and

would ultimately lower the standards of the teaching profession generally.

Relatrix argues that, if the State Board of Education has the right to issue "T" certificates, it lies within its power to nullify and circumvent the entire tenure statute by raising the minimum standard requirements so high that no person could meet them and by issuing nothing but "T" certificates. There is not an iota of proof in this record that the certification requirements of the State Board of Education are prompted by any motive or plan to circumvent the tenure statute. Only if the board should embark upon this reprehensible course would such a complaint be properly made.

For the reasons assigned, the judgment appealed from is reversed and set aside, and it is ordered that relatrix' suit be dismissed at her costs.