HAMITER, Justice.
Alleging that she is a qualified and a permanent teacher in the public schools of Bienville Parish, and that she was dismissed from her position in August, 1950 without a hearing or the preferring of charges against her in violation of the provisions of LSA-R.S. 17:441-444, Mrs. Lovie Barnette instituted this action June 1, 1951 against the Bienville Parish School Board and J. A. Shelby, the Parish Superintendent of Education, in which she seeks reinstatement and also payment of her salary at the rate of $2100 per year from July 1, 1950.
To the petition defendants tendered exceptions of no right and no cause of action and a plea of laches, in the latter of which they state that plaintiff "waited some eleven (11) months after knowing that she would not be reemployed before bringing this suit.” The exceptions and plea were referred to the merits.
In their joint answer the defendants deny that plaintiff enjoys the status of a teacher as defined by thé tenure laws of this state; they aver that although she was employed for a number of sessions, including that of 1949-50, she possessed teaching certificates valid, as and when renewed, only from year to year; and they admit that she was not reemployed for the school year 1950-51 and that no charges were preferred against her. The prayer is for a rejection of her demands.
The cause was submitted for decision on the pleadings, on an agreed statement of facts, and on certain documentary evidence, after which the district court rendered a judgment decreeing that the suit be dismissed at the cost of plaintiff. In due course she appealed.
*617 The primary question to be determined, as we appreciate the dispute, is whether this plaintiff comes within and is protected by the provisions of the tenure law, LSA-R.S. 17:441-444 which guarantees to each “teacher” the benefit of certain proceedings before her dismissal can be effectuated legally.
As used in those provisions the word “teacher” means “any employee of any parish or city school board who holds a teacher’s certificate and whose legal employment requires such teacher’s certificate.” Section 441. Appropriate also in the determination of the question are the following: “The State Board of Education shall have supervision and control of all free public schools.” Article 12, Section 6, Louisiana Constitution. “The state board of education shall prescribe the qualifications and provide for the certification of the teachers of elementary, secondary, trade, normal and collegiate schools.” LSA-R.S. 17:411 and Article 12, Section 7, Louisiana Constitution. “Every teacher shall hold a certificate of a grade sufficiently high to meet the requirements of his position. Parish superintendents of schools shall ascertain definitely, before contracting with a teacher, that the teacher holds a certificate issued by the state board of education.” LSA-R.S. 17:413. “Before receiving any remuneration for services rendered, every teacher of any school supported wholly or in part with public funds must have been fully qualified to teach in the public schools of Louisiana and have been employed by the school authority authorized to employ teachers.” LSA-R.S. 17:414.
Reviewing briefly the facts which art. uncontroverted, the record discloses that during all school sessions from 1943-44 to 1949-50, both inclusive, plaintiff was employed by the Bienville Parish School Board to teach in the elementary grades of the Jamestown Public School, each of the sessions being considered as running from July 1 of a given year to June 30 of the following year. When commencing her employment she held a first grade teacher’s certificate of Class IV-B, issued by the State Department of Education in 1928 and declared to be valid for five years, an extension on which from 1933 to 1944 had been obtained on the recommendation of Parish Superintendent Shelby. Thereafter, for the various sessions through 1949-50 (except for the session of 1948-49 when she held a “T” certificate good for one year), her original certificate was further extended annually at the request of Superintendent Shelby, it having been limited each time to a one year period. No such extension occurred for the 1950-51 session, a recommendation therefor not having been made. Rather, the superintendent notified her in August, 1950 that she would not be reemployed as a teacher in the Jamestown Public School, or elsewhere in Bienville Parish, and that in her place another person had been selected and employed. This new *619 employee, who had made application for the same position, lacked only three semester hours of the college work required for securing a baccalaureate degree and, in that respect, was much - better qualified than plaintiff who needed many more semester hours for her degree. At least a baccalaureate degree was and is necessary for obtaining a teacher’s certificate valid for life; and of the 108 teachers employed by the Bienville Parish School Board at the time of trial only two did not hold certificates of that kind.
Plaintiff does not maintain that she has completed college work sufficient to qualify her for a regular or lifetime teacher’s certificate. Admitting the possession of only a temporary certificate during each school session (she did not have that when the dismissal occurred), she argues, to quote from the brief of her counsel, “That having taught three successive years, and not having been removed either during or at the end thereof, she automatically became a ‘regular’ or ‘permanent teacher’, subject only to removal in the manner provided in the tenure act for the removal of regular or permanent teachers.”
A similar argument respecting temporary certificates was made, and it was rejected by this court, in the recent case of State ex rel. Sibley v. Ascension Parish School Board, 222 La. 923, 64 So.2d 221, 223. Therein, we said in part:
“As previously stated, although relatrix did not possess the qualifications prescribed for a regular certificate since she did not have a bachelor’s degree from an-accredited four-year college in accordance with the minimum standard requirements of the State Board of Education, she was issued ‘T’ certificates for the school years 1946-1947 and 1947-1948, each of which was valid only for the year designated. In 1950, therefore, when she was omitted by the school board from the list of teachers of Ascension Parish, relatrix did not hold a certificate of any kind from the State •Board of Education. This lack of a certificate prevented her from being a ‘teacher’ under the Tenure Act. Only ‘teachers’ are entitled to the benefits of the Tenure Act, and, as pointed out in the beginning of this opinion, for relatrix to bring herself within the meaning of that term as used in the act, she must show (1) that she held a teacher’s certificate, and (2) that her legal employment required such a certificate. * *
“* * * Under LSA-R.S. 17:413, hereinabove quoted, one qualification is that a teacher must hold a teacher’s certificate of a grade sufficiently high to meet the requirements of his position. To order that relatrix be reinstated and paid salary since the beginning of the school term of 1959 would be contrary to the express 'provisions of LSA-R.S. 17:414, and, in effect, would be ordering the school board to do-an act forbidden by express law, as she was not the holder of a teacher’s certificate of any kind in 1950.
*621 * * * * *
“What she is really urging upon this court by this argument is for us to substitute a different policy of certification from that of the state board and to decide that, when situations require that substandard teachers be employed, they should be given certificates no different from those issued to persons fully qualified. Actually therefore, what she seeks is to have this court convert her temporary certificate into a permanent one.
* * * * *
“As we have seen, the Constitution and statutes specifically provide that the State Board of Education ‘shall prescribe the qualifications * * * of the teachers of * * * schools * * Under this authority the State Board of Education has prescribed certain minimum standard requirements which must be met by those desiring to become teachers in the public school system of Louisiana, and has set these standards with the purpose of securing, as teachers persons who, according to wise, modern, and progressive educational policy, are trained, qualified, and suited to instruct the children and young people of this state. To permit relatrix, who did not -possess these minimum qualifications, to become a teacher in the Louisiana school system on an equal "basis with those who have spent their time, effort, and money in order to conform to the standards set by ■ the .State Board of Education would, to say the least, be inequitable and unfair to those who have thus properly qualified as teachers, and would ultimately lower the standards of the teaching profession generally.”
Returning to the instant matter, the following complaint of plaintiff deserves attention :
“We desire to emphasize that this is not a case where the State Department has refused to extend a certificate — rather it is a case where the local school authorities have undertaken to remove a teacher by the simple expedient of not requesting an extension. Had the local authorities requested such an extension and been denied a different picture might be presented, but here nothing like that was done. Here the School Board has . attempted to gerrymander the plaintiff out of her rights under the tenure law, by simply not requesting that her certificate be further extended. This because they well knew that if such extension was requested, it would be granted, and it would then be unable to discharge her, because it lacked cause or valid reason.” But plaintiff does not cite any statute or any regulation of the State Board requiring the local authorities to recommend, extensions of temporary certificates upon their expirations; and we know of none. Moreover, a recommendation of an extension for this plaintiff in 1950 could not have been- made in good conscience by the parish superintendent, be *623 cause the rules of the State Board demanded that it be accompanied by the Superintendent’s official 'declaration that she was the best qualified person available for the position and such a declaration, as before shown, would have been untrue.
Again, plaintiff contends (1) that the State Department of Education may not validly require that the renewal or extension of an expired certificate be predicated upon the recommendation of the parish superintendent and (2) that in 1947 such body should have extended her expired certificate for five years, the period of the initial issuance thereof, instead of limiting it to one year. Perhaps we should not consider these contentions since the State Board is not a party to this proceeding, Nevertheless, they appear to be without merit. The State Board is charged with the duty of prescribing the qualifications and providing for the certification of teachers (see statutory and constitutional provisions quoted supra), and its actions in the mentioned respects do not appear to be arbitrary or unreasonable.
We hold, as did the trial judge, that .this plaintiff does not come within the provisions of the tenure law and, therefore, she is not entitled to the protection that it affords.
For the reasons assigned the judgment appealed from is affirmed.