FOURNET, Chief Justice.
Mrs. Katie Crow Smith instituted suit against the Union Parish School Board, in which suit she was joined by her husband, E. F. Smith, to recover $2,100, claimed to be due her under an oral contract of employment as a school teacher in the public schools of that Parish for the school year 19.48-1949, the Board having dispensed with her services without a hearing; they are appealing from the judgment of the lower court dismissing the suit on defendant’s exceptions of no cause or right of action.
The argument of appellants’ counsel that the trial judge erroneously maintained the exceptions and dismissed the plaintiffs’ suit because, according to the allegations of the petition,[1] “ * * * Mrs. Smith was qualified as a permanent. teacher, and could not be discharged, after having been hired, without a hearing, * * * ” is untenable in the light of the fact that Mrs. Smith, in answer to defendant’s prayer for oyer, produced two certificates, one dated September 1, 1914, valid for five years, the other a Type “T” Trade Certificate, valid for the school year 1947-1948 — clearly showing that she is not a “teacher” within the meaning of the Teachers’ Tenure Act[2] and therefore could not legally be hired as a teacher by the School Board[3] nor be paid for her services as a teacher.[4] See State ex rel. Sibley v. Ascension Parish School Board, 222 La. 923, 64 So.2d 221.
For the reasons assigned, the judgment appealed from is affirmed.

. In disposing of an exception of no cause or right of action, all well-pleaded facts must be accepted as true.

. "* * * the worij ‘teacher’ means any employee of any Parish or city school board who holds a teacher’s certificate and whose legal employment requires such teacher’s certificate.” LSA-R.S. 17:441.

. “ * * * Every teacher shall hold a certificate of a grade sufficiently high to meet the requirements of his position. * * * ” LSA-R.S. 17:413.

. “Before receiving any remuneration for services rendered, every teacher of any school supported wholly or in part with public funds must have been fully qualified to teach in the public schools of Louisiana * * *.” LSA-R.S. 17:414.