HALL, Judge.
This is a mandamus proceeding in which plaintiff-appellant, Charles E. Hill, Jr., seeks a writ directing the Caddo Parish School Board to reinstate him as a teacher in the Caddo Parish school system and directing payment of his salary for the remainder of the school year 1970-71.
Plaintiff alleges that he was employed as a teacher by the Caddo Parish School Board for the school year 1969-70, and was issued a Temporary Teacher’s Certificate, commonly known as a “T” Certificate, for that school year. He further alleges that he was re-employed by the Board and again was issued a “T” Certificate for the 1970-71 school year.
It is further alleged that on December 4, 1970, plaintiff was notified by letter from the Board’s Director of Personnel that he would be replaced as a teacher on January 15, 1971, for the primary reason that he was not a certified teacher.
Plaintiff alleges and contends that he is and was a probationary teacher under the Teachers’ Tenure Act, LSA-R.S. 17:441-445, and that his dismissal was illegal for the reason that a probationary teacher may only be dismissed or discharged by the School Board upon the written recommendation of the superintendent of schools accompanied by valid reasons therefor as provided in LSA-R.S. 17:442, which procedure was not followed in this instance.
The defendant School Board filed a Dilatory Exception of Improper Procedure and an Exception of No Cause of Action, both based primarily on the proposition that the holder of a “T” Certificate is not protected by the Teachers’ Tenure Act and, therefore, the School Board is not required to follow the procedure provided in the act for the dismissal of teachers. Defendant contends further that this suit for reinstatement and payment of salary is basically a suit for breach of contract and should be pursued by ordinary process and not by the extraordinary remedy of mandamus.
Both exceptions were sustained by the district court and plaintiff’s suit was dismissed. The Exception of No Cause of Action was correctly sustained and we affirm the judgment of the district court dismissing plaintiff’s suit.
The sole basis for appellant’s suit for reinstatement and payment of salary is that he was not dismissed in accordance with the Teachers’ Tenure Act which requires the dismissal of a probationary teacher by the School Board to be based on a written recommendation of the superintendent accompanied by valid reasons. The issue to be decided then is whether appellant, the holder of a “T” Certificate, is a probationary teacher within the meaning and protection of the Teachers’ Tenure Act (LSA-R.S. 17:441-445).
LSA-R.S. 17:441 defines a teacher as “any employee of any parish or city school board who holds a teacher’s certificate and whose legal employment requires such teacher’s certificate,” Section 442 provides that each teacher shall serve a probationary term of three years and sets forth the procedure for dismissal of a probationary teacher during the probationary term. At the expiration of the probationary term, any teacher found unsatisfactory by the Board shall be notified in writing that he has been dismissed and in the absence of such notification the teacher automatically becomes a “regular and permanent teacher.” Section 443 prohibits the removal of a permanent teacher except upon certain specified grounds and after a hearing by the Board, the finding of the Board being subject to review by the court on petition of the teacher within one year of the date of the Board’s finding. Section 444 provides that permanent teachers promoted to a higher position shall serve a three-year probationary period in the higher position, during which period the teacher cannot be removed or demoted except in compliance *448 with the provisions of Section 442. At the expiration of the probationary period, unless removed or demoted pursuant to Section 442, the teacher automatically acquires permanent status in the higher position and cannot be removed except in compliance with Section 443.
Article 12, Section 7, subd. B of the Louisiana Constitution provides that the State Board of Education “shall prescribe the qualifications, and provide for the certification of the teachers of elementary, secondary, trade, normal and collegiate schools * * LSA-R.S. 17:411 contains identical language.
The State Board of Education, pursuant to this authority, issues regular teacher’s certificates under certain qualifications and procedures prescribed by the Board. It also issues temporary certificates (“T” Certificates) valid for one school session only, authorizing employment of teachers in positions for which they are not regularly certified, upon recommendation of the employing superintendent who must certify that there is no legally qualified person available for the position and that the applicant is the best qualified person open for employment in the position. See State ex rel Sibley v. Ascension Parish School Board, 222 La. 923, 64 So.2d 221 (1953).
Viewing the Teachers’ Tenure Act as a whole, it is clear that it is intended to afford protection and security of position to teachers who hold regular certificates issued after meeting the qualifications and standards prescribed by the State Board of Education and is not intended to afford the same protection to teachers who hold temporary certificates valid for only one school session.
To say that one holding a temporary certificate is a probationary teacher under the tenure law would be to say that one holding a temporary certificate can become, after three years, a permanent teacher within the meaning of the tenure law. This result was never intended.
The following language of the Supreme Court in the Sibley case is pertinent:
“As we have seen, the Constitution and statutes specifically provide that the State Board of Education ‘shall prescribe the qualifications * * * of the teachers of * * * schools * * * ’. Under this authority the State Board of Education has prescribed certain minimum standard requirements which must be met by those desiring to become teachers in the public school system of Louisiana, and has set these standards with the purpose of securing as teachers persons who, according to wise, modern, and progressive educational policy, are trained, qualified, and suited to instruct the children and young people of this state. To permit relatrix, who did not possess these minimum qualifications, to become a teacher in the Louisiana school system on an equal basis with those who have spent their time, effort, and money in order to conform to the standards set by the State Board of Education would, to say the least, be inequitable and unfair to those who have thus properly qualified as teachers, and would ultimately lower the standards of the teaching profession generally.”
The tenure law protects a teacher in reemployment from year to year as well as from dismissal during a school year. A “T” Certificate is valid for one school year only and obviously does not carry with it any right to re-employment.
We hold that a person holding a temporary or “T” Certificate does not come within the provisions and protection of the tenure law. It follows that the School Board in this instance was not required to follow the provisions of the tenure law in discharging appellant. Having alleged that he is the holder of a “T” Certificate, appellant has set forth no cause of action for the relief he seeks by way of mandamus.
Although our decision on the peremptory exception is dispositive of this case, we deem it appropriate to discuss the *449 Dilatory Exception of Improper Procedure which we believe should have been overruled. If appellant were correct in his legal conclusion that he was protected by the tenure law, then a writ of mandamus would be the appropriate remedy. Under the decision of the Louisiana Supreme Court in State ex rel Fields v. Rapides Parish School Board, 227 La. 290, 79 So.2d 312 (1955), mandamus pursuant to Articles 3861-3866 of the Code of Civil Procedure is the appropriate remedy to enforce a teacher’s rights where a teacher is discharged without compliance with the provisions of the tenure law. The duty of a school board to follow the statutory provisions governing dismissal of a teacher is purely ministerial and may be coerced by mandamus. It is our opinion that a teacher covered by the tenure law who has been discharged without compliance with the provisions of the law is entitled to a writ of mandamus directing reinstatement and, incidentally, payment of salary.
Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739 (1948) cited by appellee, is distinguishable in that in Houeye the Court was called on to review discretionary action on the part of the school board, the board having properly performed its ministerial duties. State ex rel Eberle v. Orleans Parish School Board, 221 La. 243, 59 So.2d 177 (1952), also relied on by appellee, is not readily distinguishable, but Fields represents the latest expression of the Supreme Court on the issue.
We have held that appellant is not entitled to the relief he seeks because he is not a teacher protected by the tenure law, but appellant invoked the proper procedure to determine his rights in this regard and to provide appropriate relief if entitled to the rights claimed.
If this action were considered as a suit on a contract for payment of salary, as contended by appellee, then mandamus would not be the proper procedure — but this is not such a suit. The sole basis for this suit is the alleged failure of the public body to follow the express provisions of the tenure law. Our decision in this case does not deal with or have any bearing on any contractual rights appellant may or may not have under his contract with appellee.
For the reasons assigned, the judgment of the district court dismissing appellant’s suit is affirmed, at appellant’s costs.
Affirmed.