277 So.2d 492 (1973)
Ernest L. GARNER, Plaintiff-Appellant,
v.
The LOUISIANA STATE BOARD OF EDUCATION et al., Defendants-Appellees.
No. 9304.
Court of Appeal of Louisiana, First Circuit.
April 9, 1973.
Rehearing Denied May 29, 1973.
Writ Refused June 29, 1973.
Ernest L. Garner, in pro. per.
*493 William J. Guste, Atty. Gen., William Reeves, Sp. Counsel to Atty. Gen., and Jack C. Harger, Asst. Atty. Gen., Baton Rouge, for defendants-appellees.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
This is a suit by plaintiff for back pay and specific performance of an alleged contract of employment. Plaintiff appeals from a judgment of the District Court in favor of defendants.
There is little dispute regarding the relevant and material facts of this case. On November 15, 1965, plaintiff was hired as an instructor of auto mechanics at the Evangeline Area Tri-Parish Vocational Technical School at an annual salary of $6,697.60. At that time plaintiff held an undergraduate degree in Industrial Arts Education from Southern University. He was issued a Type "T." (temporary) Trade Certificate by the State Department of Education, thereby making him eligible to teach auto mechanics in a state industrial trade school. This certificate was valid from November 5, 1965, until November 5, 1966. The validity of this temporary certificate was first extended until April 3, 1967, and then it was extended once again from November 5, 1967 until November 5, 1968. It appears that after November 5, 1968, plaintiff's temporary certificate was not extended, and after that date he had no valid certificate authorizing him to teach in industrial trade schools.
Plaintiff was permitted to continue to teach until May 28, 1969, when he was suspended by Mr. Elijah Reed, Director of the Evangeline Area Tri-Parish Vocational Technical School, for failure to take a general aptitude test administered to all faculty members at the school. Plaintiff was informed by letter that his suspension would remain in effect for five days during which time he should comply with the Director's order to take the test. Without having taken the test, plaintiff returned to the school on June 3, 1969, and attempted to resume his teaching duties. He was then informed that since he had failed to comply with the terms of his suspension and had returned to the school without taking the test, his services would be terminated as of June 30, 1969. Plaintiff was requested by letter dated June 3, 1969, to return to the school for the purpose of checking in his equipment before the termination date, but he never returned. The school's Director, Mr. Reed, assuming that plaintiff had quit, then proceeded to submit a resignation form for plaintiff to the State Board of Education which approved the resignation.
Plaintiff filed suit on August 19, 1971, alleging that since the State Board of Education had the sole authority for termination of his employment, then his employment contract had never been revoked and he was entitled to back pay and specific performance of the contract. The trial court held that even though the submission of plaintiff's resignation was in fact a substitute for his dismissal by Mr. Reed, his contract of employment as a teacher in the industrial trade schools of this state had lapsed when his certification had not been renewed, thereby rendering his employment subject to termination at any time and in any manner approved by the State Board of Education.
Plaintiff contends that the trial court erred in holding his termination legal and authorized and in holding that he had no contract of employment due to the failure to renew his temporary certificate.
The pivotal issue presented by this appeal is whether plaintiff's employment was terminated by the proper authority and in a legal manner.
L.R.S. 17:10 provides that the State Board of Education shall administer the affairs of the various educational institutions listed therein, including the Evangeline Area Tri-Parish Vocational Technical *494 School. L.R.S. 17:411 provides in pertinent part as follows:
"The state board of education shall prescribe the qualifications and provide for the certification of the teachers of elementary, secondary, trade, normal and collegiate schools. * * *"
While there are specific removal regulations and procedures for teachers covered by the Teacher Tenure Law (R.S. 17:443), for teachers of Orleans Parish (L.R.S. 17:462), for teachers employed in State Institutions (L.R.S. 17:471), for school bus operators (L.R.S. 17:493), and for employees of Orleans Parish Schools other than teachers (L.R.S. 17:523), the only provision relating to removal of teachers and instructors in state-operated trade and vocational schools is that contained in L.R.S. 17:430. This statute provides for revocation of a vocational teacher's certificate if the teacher instructs a class in violation of the laws of this state or in violation of the rules and regulations of the State Board of Education. L.R.S. 17:430 further provides that a teacher in vocational and trade schools shall not be paid if he does not have a valid teacher's certificate. The statute does not set up any procedure to be followed in removal of such a teacher and, therefore, we must concur in the statement made by the judge a quo in his written reasons for judgment that: ". . . there is no law which spells out the authority or manner of dismissal of teachers at vocational and technical schools."
According to the testimony of plaintiff, he filled out an application blank for the job in November of 1968 and returned it to Mr. Reed. He stated that Mr. Reed was the only person he contacted about the job but that it was his understanding that the application for the job would have to be approved by the State Board of Education. Plaintiff further testified that during the course of his employment he pursued some eighteen semester hours in order to maintain his temporary trade teacher's certificate and in order to obtain a permanent certificate in the vocational field. Plaintiff also stated that he had received his undergraduate degree in 1950 after fulfilling the requirements of an industrial education curriculum contained in the Southern University Bulletin. Based upon this degree, plaintiff asserts that he had a Type "C" general teacher's certificate which could have been valid at the time of his dismissal. Plaintiff also contends that at the time of his dismissal he did not submit a resignation nor did he authorize Mr. Reed to submit one for him.
Dr. James DeLee, Director of Teacher Certification with the State Department of Education, testified that the temporary "T" certificate was the only certificate ever issued to plaintiff in the vocational field by the State Department. According to Dr. DeLee, in order to maintain the validity of this certificate a minimum of three semester hours of Professional Vocational Education courses would have to be taken each year until fifteen hours were earned. Upon examination of plaintiff's transcript, Dr. DeLee stated that several of the courses taken by plaintiff would not be counted toward fulfilling these requirements as the courses were not in Professional Vocational Education, and thus, at the time of his dismissal plaintiff did not possess the required qualifications necessary to keep his temporary certificate valid. Dr. DeLee also stated that a Type "C" general teacher's certificate would only qualify the holder thereof to teach in the public secondary schools and would not certify the holder to teach in the vocational trade schools of this state.
Mr. Elijah Reed, Director of the school, testified that he hired plaintiff in 1965 subject to the approval of the State Board. Mr. Reed stated that he knew plaintiff had not taken the required courses to maintain the validity of his temporary certificate and that he had repeatedly brought this to plaintiff's attention. Mr. Reed further stated that when plaintiff did not fulfill *495 the terms of his suspension of May 28, 1969 by taking the general aptitude test administered to the faculty of the school before returning to work, it was his impression that plaintiff had quit. Mr. Reed testified that after the letter of June 3, 1969 plaintiff did not answer any correspondence sent to him and he did not return to the school. It was on this basis that Mr. Reed assumed plaintiff had quit and thus he sent in the resignation form to the State Department. Mr. Reed further testified that he knew of no form or procedure to follow when an employee quit or was dismissed for cause, and that he used the resignation form to terminate plaintiff's employment for lack of anything else to use, even though plaintiff had never submitted a resignation nor authorized Mr. Reed to send in a resignation for him.
Mr. Witney A. Langlois, Director of Vocational Education for the State Department of Education at the time, testified that he knew of no form or procedure for termination of non-tenure employees other than the resignation form. He further stated that it was his understanding that the individual directors of the various vocational schools had the authority to hire and fire employees such as plaintiff subject to Board approval.
In passing on this issue the trial judge in his written reasons for judgment stated:
"The evidence supports the defendants' position that the director had the authority and ample cause to suspend Garner for failure to comply with the director's orders. Nevertheless, it is obvious that the `resignation' was a subterfuge and in reality was a substitute for what was in fact a dismissal for cause."
However, the trial court went on to hold that upon expiration of plaintiff's temporary certificate in November of 1968, he had no contract of employment, and plaintiff's employment was subject to termination at any time and in any manner authorized by the State Board of Education.
In view of the testimony to the effect that Mr. Reed, as Director of the school, had the authority to hire and fire employees such as plaintiff subject to Board approval, we hold that the trial court committed no error in upholding the termination of plaintiff's employment.
We find the instant matter analogous to the situations presented in the cases of Smith v. Union Parish School Board, 228 La. 570, 83 So.2d 131 (1955) and State ex rel. Sibley v. Ascension Parish School Board, 222 La. 923, 64 So.2d 221 (1953). In both of those cases it was held that a teacher who possesses only a temporary "T" certificate could be dismissed without a hearing and without following the procedures for dismissal contained in the Teachers' Tenure Act. See also: Barnette v. Bienville Parish School Board, 223 La. 614, 66 So.2d 569 (1953); Hill v. Caddo Parish School Board, 250 So.2d 446 (2nd La.App. 1971). It has also been stated that where a teacher lacks the statutory qualifications to teach, notice and hearing before dismissal are unnecessary because the contract of employment is void ab initio. 78 C.J.S. Verbo Schools and School Districts § 204, at pgs. 1092-1093.
Even were we to hold that plaintiff's contract of employment continued fully in effect, even though his temporary certificate expired as of November 5, 1968, such contract would only have been in effect for an indefinite period, during which time plaintiff was employed merely at the sufferance of the State Board of Education. It is well established that a contract of employment for an indefinite period is terminable at will by either the employee or employer, and the employee may be discharged at any time with or without cause. See Baker v. Union Tank Car Company, 140 So.2d 397 (1st La.App.1962) and the cases therein cited.
To summarize, we find that plaintiff's termination came as a result of his failure to follow the orders of his supervisor, Mr. Reed, by refusing to take the *496 general aptitude test administered to the entire faculty of the school. Mr. Reed was then faced with the situation of seeking to dismiss plaintiff but without any procedural guidelines to follow. While the submission of the resignation form by Mr. Reed was in our view highly irregular absent any authorization from plaintiff, we hold that at that time plaintiff was continuing in his employment merely at the sufferance of the State Board of Education since he lacked the requisite certification, and thus, his employment could be legally terminated at any time and in any manner approved by the State Board of Education.
Accordingly, for the above reasons, the judgment of the District Court is affirmed at appellant's costs.
Affirmed.