711 So.2d 353 (1998)
Linda Tarver WRIGHT, Plaintiff-Appellant,
v.
CALDWELL PARISH SCHOOL BOARD, Defendant-Appellee.
No. 30448-CA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1998.
*354 Snellings, Breard, Sartor, Inabnett & Trascher by Jon K. Guice, Monroe, for Plaintiff-Appellant.
Iley H. Evans, District Attorney, for Defendant-Appellee.
Before MARVIN, C.J., and STEWART and GASKINS, JJ.
GASKINS, Judge.
In this suit for mandamus, plaintiff Linda Tarver Wright appealed from the trial court's denial of her application to compel the Caldwell Parish School Board to offer a new contract of employment to her. For the reasons assigned below, we reverse.

FACTS
On June 22, 1995, by a roll call vote, the Caldwell Parish School Board gave Ms. Wright a two-year contract as assistant principal at Caldwell Parish High School for the 1995-96 and 1996-97 school years. By letter dated June 16, 1997, the Caldwell Parish superintendent of schools, James Turner, Jr., recommended to the members of the Caldwell Parish School Board that the school board not renew Ms. Wright's contract due to "unsatisfactory evaluations by her immediate supervisors."[1] At a school board meeting held on June 19, 1997, the subject of the renewal of Ms. Wright's contract came before the board. A vote of the board, in which the board members were to vote either "yes" to renew the contract or "no" not to renew the contract, resulted in a five-to-five tie. The school board president then declared Ms. Wright unemployed.
*355 On July 2, 1997, Ms. Wright filed a petition for mandamus seeking a court order to compel the Caldwell Parish School Board to offer her a new contract. The trial court denied the writ of mandamus, concluding that the board had no legal duty to negotiate or offer a new contract under the circumstances.

LAW
In pertinent part, La. R.S. 17:444(B) of the Teacher Tenure Law provides:
(3) Whenever a person is employed to take a position that pays a higher salary than that paid to a teacher in the system and the employment in the position of higher salary requires a teaching certificate and/or any appropriate administrative/supervisory endorsement, all the provisions of this Subsection with regard to employment pursuant to a written contract containing performance objectives for a period of not more than four nor less than two years shall apply. Such a person shall, however, automatically acquire permanent status in the position of teacher after the successful completion of three years of service in the position for which he was hired provided the person is qualified to teach.
(4)(a)(i) The employment provided for in this Section shall be for a term of not less than two years, except when such employment is for a temporary position, nor more than four years, and said term shall be specified in a written contract, which shall contain performance objectives.
....
(c)(i) The board and the employee may enter into subsequent contracts of employment. Not less than one hundred and twenty days prior to the termination of such a contract, the superintendent shall notify the employee of termination of employment under such contract, or in lieu thereof the board and the employer may negotiate and enter into a contract for subsequent employment.
(ii) The employee may choose not to enter into subsequent contracts and may either terminate his employment or, if he has acquired permanent status as a teacher, resume employment as a teacher.
(iii) The employee shall be retained during the term of a contract unless the employee is found incompetent or inefficient or is found to have failed to fulfill the terms and performance objectives of his contract. However, before an employee can be removed during the contract period, he shall have the right to written charges and a fair hearing before the board after reasonable written notice.
(iv) The board shall negotiate and offer a new contract at the expiration of each existing contract unless the superintendent recommends against a new contract based on an evaluation of the contractee as provided for in R.S. 17:391.5, or unless failure to offer a new contract is based on a cause sufficient to support a mid-contract termination as provided in Item (iii) of this Subparagraph, or unless the position has been discontinued, or unless the position has been eliminated as a result of district reorganization, provided that should the position be re-created, the employee, if still employed by the board, shall have first right of refusal to the re-created position.
Teacher Tenure Law provisions are for the benefit of the teacher, not the school boards. Rousselle v. Plaquemines Parish School Board, 93-1916 (La.2/28/94), 633 So.2d 1235. Its provisions are liberally construed by Louisiana courts in favor of teachers, as they are its intended beneficiaries. Rousselle, supra.
Mandamus is the appropriate procedural remedy for a teacher who has been dismissed without compliance with the school board's separation policy or tenure laws. Easterling v. Monroe City School Board, 612 So.2d 975 (La.App. 2d Cir.1993); Hill v. Caddo Parish School Board, 250 So.2d 446 (La. App. 2d Cir.1971). The duty of a school board to follow the statutory provisions governing dismissal of a teacher is purely ministerial and may be coerced by mandamus. Hill, supra.

DISCUSSION
Ms. Wright, in her position as assistant principal, was covered by La. R.S. 17:444(B)(3). Accordingly, she also was covered *356 by the legal provisions requiring employment pursuant to a written contract containing performance objectives for a period of not more than four nor less than two years. See La. R.S. 17:444(B)(4)(a)(i). However, Ms. Wright was not given any written contract.
Ms. Wright also was covered by the provisions of La. R.S. 17:444(B)(4)(c)(i); however, the superintendent of Caldwell Parish schools did not notify Ms. Wright of termination of employment under her contract 120 days or more prior to the termination of her contract as required by that statute.
Finally, Ms. Wright was covered by the provisions of La. R.S. 17:444(B)(4)(c)(iv). The trial court apparently read that provision as not requiring the board to negotiate and offer a new contract to Ms. Wright at the expiration of her existing contract because the superintendent had recommended against a new contract based upon an evaluation of Ms. Wright. However, we must read all of the applicable provisions as laws in pari materia. When we do so, we conclude that an employee in Ms. Wright's position was entitled to 120 days prior notice of the fact that her contract would not be renewed. We further conclude that the notice provisions are designed to allow an employee sufficient time to seek other employment and to prevent an employee from having to seek other employment at a time when other positions are less likely to be available.[2]
Because the school board in the instant case did not follow the statutory notice provisions applying to persons employed to take a position of higher salary and because there is no evidence of record indicating that the school board removed or initiated removal of plaintiff during the contract period, we conclude that the board had the mandatory obligation to negotiate and offer a new contract to plaintiff despite the superintendent's letter. We further conclude that failure to perform such a mandatory obligation may be addressed procedurally through a request for mandamus. See Easterling, supra.

CONCLUSION
For the reasons set forth above, we reverse the trial court's judgment and direct the Caldwell Parish School Board to negotiate and offer petitioner, Linda Tarver Wright, a new contract of employment in accordance with law. In accordance with La. R.S. 13:5112, we assess the costs of this appeal against the Caldwell Parish School Board in the amount of $115.50.
REVERSED.
NOTES
[1] The parties stipulated at the hearing on the mandamus application that they would not delve into the contents of the evaluation.
[2] Such notice provisions would not prevent an employee from being removed from a position when the employee is found incompetent or inefficient, or is found to have failed to fulfill the terms and performance objectives of his contract. However, before an employee can be removed during the contract period, he shall have the right to written charges in a fair hearing before the school board after reasonable written notice. See La. R.S. 17:444(B)(4)(c)(iii).