h GASKINS, J.
This case is on remand from the Louisiana Supreme Court. In our initial opinion, we held that the Caldwell Parish School Board’s failure to notify Linda Tarver Wright, an assistant principal, of nonre-newal of her initial employment contract at least 120 days prior to that contract’s termination required the board to offer her a new contract.[1] The supreme court reversed and remanded the case for consideration of other issues raised by Wright. For the reasons set forth below, we affirm denial of mandamus, but amend the trial court’s judgment in order to allow Wright an opportunity to amend her petition.
FACTS
The essential facts are as follows. In June 1995, the board offered Wright a two-year contract as an assistant principal for school years 1995-1996 and 1996-1997. Less than one week before expiration of the second year, the Caldwell Parish superintendent of schools mailed a letter to each member of the board recommending that Wright not be granted a new contract because of unsatisfactory evaluations by her immediate supervisors. Three days later, the board split five-to-five when voting on whether or not to renew Wright’s contract. The school board president then declared Wright to be unemployed.
*138 In July 1997, Wright filed a petition for mandamus seeking to compel the board to offer her a new contract because of alleged noncompliance with the Teacher Tenure Law. The trial court refused to grant a writ of mandamus, but this court reversed, finding that under the provisions of La. R.S. 17:444(B), the board had a duty to negotiate a new contract with Wright because the board failed to notify her of termination of the contract 120 days or more prior to the contract’s termination. The supreme court granted writs and subsequently reversed our decision, remanding for consideration of other issues raised in the case.
| .REMAINING CLAIMS
In addition to her claim concerning the 120-day notice requirement, Wright also asserts that the trial court erred in denying her request for mandamus because there was no recommendation or evaluation upon which nonrenewal of her employment contract could be based, and because the board failed to vote affirmatively not to renew her contract.
In her first argument, Wright argues against the sufficiency and validity of the observation and evaluation, handled by her principal and secondary supervisor, upon which the superintendent made his recommendation by letter to each board member. However, the merits of the evaluation were not before the trial court. Instead, Wright’s attorney stated at the hearing that the relief they sought was under La. R.S. 17:444, and Wright’s attorney stipulated that they would not “get into the body of the evaluation.” This stipulation was appropriate considering that the matter was before the court pursuant to a request for a writ of mandamus. Such a writ lies to compel performance of prescribed duties that are purely ministerial. Wilson v. Ouachita Parish School Board, 29,463 (La.App.2d Cir.5/7/97), 694 So.2d 596, writ denied, 97-1543 (La.9/26/97), 701 So.2d 990. Because the supreme court has ruled that Wright was not entitled to 120 days notice under the statute, the school board was under no duty to renew her contract on that account. Thus, because no ministerial duty was involved, the trial court correctly rejected a writ of mandamus upon the facts presented. As argued by the board, the issues concerning evaluation must be presented in an ordinary proceeding.
We must also reject Wright’s argument that the board is required to negotiate a new contract with her because the board rejected the superintendent’s recommendation. Our review of the record reveals that the motion made at the 13meeting simply was to vote “yes” to renew her contract or vote “no” not to renew her contract. That being the case, the motion was not one to accept or reject the superintendent’s recommendation per se, and the five-to-five tie vote neither renewed nor refused to renew her contract. At the same time, the contract did not reconduct automatically. Instead, it expired at the end of two years, and at that point, at the very latest, Wright was no longer employed by the Caldwell Parish School Board.
CONCLUSION
For the reasons set forth above, we conclude that any remedy appellant may have must be sought through ordinary proceedings. Accordingly, we affirm that portion of the trial court’s judgment denying a writ of mandamus; however, we amend the judgment to allow appellant an opportunity to amend her petition and to go forward through ordinary proceedings. We remand the matter to the trial court for further proceedings. Costs are assessed to appellant:
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.

. Wright v. Caldwell Parish School Board, 30,448 (La.App.2d Cir.4/8/98), 711 So.2d 353, reversed and remanded, 98-1225 (La.3/2/99), 733 So.2d 1174.